# Wytheville.

## PETER J. OTEY AND WIFE AND ANOTHER v. STUART AND OTHERS.

### JULY 18, 1895.

### *Absent, Harrison, J.

1. CHANCERY JURISDICTION—*Cloud on Title—Legal Owner Out of Possession—Adequate Remedy at Law.*—A party holding the legal title to land, and who is not in possession thereof, has a complete and adequate remedy at law to recover possession, and, as a general rule, in the absence of statutory authority, a court of equity will not entertain a bill filed by him to remove a cloud upon the title occasioned by such possession in another under a claim of title.

Appeal from a decree of the Circuit Court of Wythe county, pronounced at September term, 1890, in a suit in chancery wherein the appellants were the complainants, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*D. S. Pierce* and *Bolling & Stanley*, for the appellants.

*Walker & Caldwell*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

*Judge Harrison was a party to the suit.

This is an appeal from a decree of the Circuit Court of Wythe county in a suit brought by the appellants, Peter J. Otey and wife, and John Floyd, the two latter being the surviving heirs at law of B. R. Floyd, deceased, against William A. Stuart and others, appellees.

The bill alleges that B. R. Floyd departed this life in the year 1860, intestate, leaving a widow and three children— the oldest child being fifteen years, and the youngest, one year of age; that soon after the death of the decedent, his administrator, Robert Gibboney, filed a bill in the Circuit Court of Wythe county for the purpose of having the lands of the decedent sold, which consisted of several parcels, among them a tract of 26,100 acres, which is the subject of this suit; that the object of the sale was to enable the administrator to pay the debts of his decedent's estate; that a sale was ordered and made, as prayed for, and that Wm. A. Stuart and J. F. Kent purchased the land in question; that the sale was reported to the court, confirmed, and a deed made to them by the court's commissioner; that afterwards, Kent's interest in the land was sold and conveyed to Stuart; that the widow and heirs of the decedent and William A. Stuart were made parties defendant to the bill. It is further alleged that the whole proceedings in that cause were absolutely void, and that the deed executed by the commissioner of the court to Stuart is also void, and that it creates a cloud upon their title. The prayer of the bill is that the deed to Stuart and Kent may be set aside, annulled, and cancelled, and the complainants restored to the possession of the land. The record in the suit of *Gibboney, Adm'r*, against *the widow and heirs* of the decedent referred to above, was made an exhibit with the bill.

William A. Stuart, one of the defendants in the court below, and an appellee here, demurred to the bill. His demurrer was sustained and the bill dismissed. From that decree the complainants have appealed to this court.

It is claimed by the appellants that whilst their bill is an original bill in form, it is in the nature of a bill of review. In this contention, we think they are mistaken. But if it were true that it was a bill of review, or a bill in the nature of a bill of review, the demurrer ought to have been sustained, because the bill shows upon its face that a final decree was entered in the case of *Gibboney's Adm'r* v. *B. R.. Floyd's widow and heirs*, which it seeks to review, in the year 1872, and the case stricken from the docket more than seventeen years before the filing of appellants' bill.

The allegations and prayer of the bill show that it is a bill filed for the purpose of removing a cloud upon the title to the land in question. As a bill to remove a cloud from their title it is also fatally defective. A court of equity, as a general rule, in the absence of statutory authority, does not entertain a bill of this character if the party filing it claims to be the owner of the legal title, unless he is in possession of the land upon which the cloud rests. The jurisdiction exercised by courts of equity in this class of cases, is founded upon the theory that the party making it has no adequate remedy at law for the injury of which he complains. If he is out of possession, and is the owner of the legal title, he has ordinarily a complete remedy at law by an action of ejectment. 3 Pom. Eq. Jur. sec. 1399; *Carroll* v. *Brown*, 28 Gratt. 791; *Stevens* v. *Harman*, 80 Va. 48.

In this case the appellants claim to be the owners of the legal title, and admit that they are not in possession of the land, and thus show, under the rule of law stated above, that they have no standing in a court of equity.

It is also insisted by the counsel of the appellees that the Circuit Court properly sustained the demurrer to the bill upon another ground, viz., that the bill alleges that the proceedings and deed under which the appellee claims is void, and that, where the party who files such a bill alleges or admits that

the instrument or proceeding constituting the alleged cloud upon the title is void, he needs no relief, and the court has no jurisdiction.

There is much to be said in favor of the view that the aid of a court of equity is needed in a case where the instrument or proceeding constituting a cloud upon the title is void upon its face, as well as in cases where it is apparently good, though in fact not so.

Every business man knows that such an instrument or proceeding, although it may in fact be void, is a serious injury to the owner's title, and greatly detracts from its market value; for no one wishes to buy property while in such a condition, or to loan money upon it as a security. But as it is not necessary to decide this question in order to dispose of this case, we do not wish to be understood as expressing any opinion upon either the question, whether or not the proceeding and deed under which the appellee acquired the land was void; or, if void, whether or not a court of equity has jurisdiction to remove such a cloud from the title.

In our opinion the Circuit Court properly sustained the demurrer to the complainants' bill, and its decree must be affirmed.

AFFIRMED.