STONEBUNGER

*v.*

ROLLER *et al.*

(*Supreme Court of Appeals of Virginia, Nov. 19, 1896.*)

[25 S. E. Rep. 1012.]

**Suit to Quiet Title—Adequate Remedy at Law—When Raised.**

In a suit to quiet title, the defense of an adequate remedy at law should be raised in the trial court.

**Same—Land in Another State—Tax Sale—Record.**

In a suit to quiet title to land in another state, the validity of a tax title cannot be reviewed on appeal, the laws of such state in regard to the sale of lands for taxes not being in the record.

**Same—Relief Denied—Rescission of Conveyance.**

In a suit merely to quiet title, plaintiff is not entitled, where such relief is denied, to claim a rescission of the conveyance from his grantor, and recover a judgment against him for the price paid.

Appeal from circuit court, Shenandoah county; Thomas W. Harrison, Judge.

Bill by one Roller against one Stonebunger and others. From a decree for plaintiff, defendant Stonebunger appeals. Reversed.

*Walton & Walton,* for appellant.

*John E. Roller,* for appellees.

RIELY, J., delivered the opinion of the court.

This suit was instituted to remove an alleged cloud upon the

title of the land of the plaintiff, and to quiet his title thereto. The jurisdiction of a court of equity to remove a cloud from the title to land, where the party complaining has no adequate remedy at law, is well settled. Iron Co. v. Kelly, 93 Va. —, 24 S. E. 1020 ; Carroll v. Brown, 28 Grat. 791 ; and Hale v. Penn's Heirs, 25 Grat. 261. But in the absence of statutory authority, a court of equity, as a general rule, does not entertain a bill of this character, if the party filing it claims to be the owner of the legal title, unless he is in possession of the land upon the title to which the cloud rests. The jurisdiction exercised by courts of equity in this class of cases is founded upon the theory that the party invoking it has no adequate remedy at law for the injury of which he complains. If he is out of possession, and is the owner of the legal title, he has ordinarily a complete remedy at law by an action of ejectment. Railroad Co. v. Taylor (Va.) 24 S. E. 1013 ; Otey v. Stuart, 91 Va. 714, 22 S. E. 513 ; Stearns v. Harman, 80 Va. 48 ; and Carroll v. Brown, 28 Grat. 791. The plaintiff claimed in his bill to be the owner of the legal title to the land upon the title whereto the cloud was alleged to rest. It appears from the record that the land is situate in the counties of Shelby and Panola, in the state of Texas. It does not affirmatively appear from the bill or the other part of the record that either the plaintiff or the party claiming adversely to him is in possession of the land ; nor does the record disclose what the laws of Texas are as to the right to bring an action of ejectment in a case like the one before us. No objection, however, was made to the maintenance of the suit on the ground that the plaintiff had an adequate remedy at law, and we may therefore properly pass by any question as to the jurisdiction of equity, and proceed to the consideration of the case upon its merits.

The plaintiff claimed to be the owner of the entire interest in the land, and set forth in the bill his chain of title, which showed an apparently perfect title in himself, but alleged that, by the burning of the records of the clerk's office of Shelby

county some years previously, the original deed from Christian Hockman to John W. Reeser, the grantor of the plaintiff, as well as the record thereof in the clerk's office, had been destroyed. He further alleged that after purchasing the land from Reeser he had applied to Hockman to apply this missing link in his chain of title by executing directly to the plaintiff a new deed for the land, but that Hockman had refused to do so unless Reeser and J. J. Stonebunger would unite with him in the deed or request him in writing so to make it, upon the ground that he had made the original deed to Reeser and Stonebunger jointly. The plaintiff further alleged that he had repeatedly applied to Stonebunger for a release of any real or supposed interest he had in the land, but that while refusing to do so, or to assert any title to the land, he had recently obtained from Hockman a new deed to Reeser and himself jointly for the land. He thereupon prayed that the court would annul the new deed Stonebunger had so obtained, and cause a proper deed to be made to him for the land by a special commissioner appointed for the purpose. It conclusively appears from the pleadings and the evidence that the appellant, Stonebunger, was jointly interested with Reeser in the land, and that the original deed from Hockman was made to Stonebunger and Reeser jointly, and not to Reeser alone ; so that the plaintiff did not have in fact the legal title to all of the land, or own the entire interest in it, but so far as the original deed showed, or the record of the title would have shown if it had not been destroyed, the title was jointly in Stonebunger and himself. There was, therefore, so far as the title papers or the record thereof showed, no ground upon which the plaintiff could ask for the removal of the cloud upon which he alleged to rest on his title, such alleged cloud being a bona fide legal interest in Stonebunger which the plaintiff had never acquired. It was not questioned that the plaintiff contracted with Reeser for the entire interest in the land, and paid him therefor, and that he was a bona fide purchaser thereof for value without actual notice of the out-

standing interest and title in Stonebunger.  He was simply misled by his grantor, and of him alone had he any ground to complain.   But it was contended that Stonebunger, when questioned in regard to the master, disclaimed any interest in the land, and should therefore be compelled to convey to the plaintiff the apparent interest he has in it.   There is testimony in the record tending to prove such disclaimer by Stonebunger, but it also shows that he subsequently procured from Hockman a new deed to Reeser and himself to supply the place of the deed Hockman had originally made to them.   It does not appear from the testimony that Stonebunger was inquired of or approached in regard to the sale of land, or knew of it, until several months after Reeser had conveyed the land to the plaintiff, and the latter had paid the entire purchase money. He did nothing to induce the plaintiff to buy the land, and was in no wise responsible for his purchase of it.   He was not guilty of any fraud, and did nothing that estops him from asserting his claim to the land.

There was put in evidence by the plaintiff a deed to Reeser for the land from a certain A. R. Chandler, who claimed that he had purchased it at a sale made thereof for delinquent taxes, though such deed was not set out by the plaintiff in his bill as a link in his chain of title, nor any claim made under it.   Title under a tax sale was not put in issue by the pleadings, and the deed from Chandler was duly excepted to as evidence upon that ground.   The land is situate, as we have seen, in the state of Texas.   The record contains no information as to the laws of that state in regard to the forfeiture and sale of lands for the nonpayment of taxes, and lacks much else that is necessary to show any title in Chandler.   We would therefore be unable, if it were indeed proper, to pronounce upon the validity of the tax title claimed through Chandler.

It was suggested by the plaintiff in his brief that, if he was not entitled to have the alleged cloud removed from his title,

the sale of the land to him by Reeser should be rescinded, and a decree entered in his favor against Reeser for the amount of the purchase money he had paid to him. The bill was not framed for any such purpose, but for a totally different one, —the removal of an alleged cloud upon the plaintiff's title. No ground for the rescission of the contract was alleged, and no such issue raised or litigated. The bill contains no suggestion of such relief in any contingency, and manifestly it could not be given under the pleadings in the case. In no view was the plaintiff entitled to the relief sought by his bill. The decree of the circuit court must therefore be reversed, and the bill dismissed.