97  329
99   87
99  598
97  329
103  524

## Wytheville.

KANE & OTHERS V. VIRGINIA COAL & IRON CO. & OTHERS.

JULY 6, 1899.

Absent, Buchanan, J.*

1. CHANCERY JURISDICTION—*Cloud on Title—Party Out of Possession—Adequate Remedy at Law—Case in Judgment.*—Equity will not take jurisdiction of a bill to remove clouds on the title to real estate where the complainant has the legal title, and is out of possession. In such case the remedy at law is full, adequate, and complete. In the case in judgment, the evidence does not show possession in the complainant, even if it be conceded that he has the legal title.

2. CHANCERY JURISDICTION—*Fraud—Adequate Remedy at Law.*—Although fraud is an elementary ground of equitable jurisdiction, the jurisdiction will not be exercised where the party invoking it has as effectual and complete a remedy at law as in equity, and the remedy at law is direct, certain, and adequate.

3. CHANCERY JURISDICTION—*Discovery.*—Although a prayer for discovery may be sufficient to invoke the jurisdiction of a court of equity, yet, if the bill contain no such prayer, and no other grounds for equitable jurisdiction are charged, the bill should be dismissed.

Appeal from a decree of the Circuit Court of Washington county, pronounced August 1, 1896, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

This suit was instituted in Wise county, but was afterwards removed, by consent, to the Circuit Court of Washington county,

* Judge Buchanan had been counsel in the Circuit Court.

the Judge of the Circuit Court of Wise county being so situated as to render it improper for him to act. The charges of fraud against Patrick Hagan, which are set out at great length in the bill, relate to the manner in which he acquired title to the land in controversy, which land he subsequently conveyed to Hyndman, and which Hyndman conveyed to the appellee, Virginia Coal and Iron Co. The other facts sufficiently appear in the opinion of the court.

*H. S. K. Morrison, Ashworth & Sutherland,* and *R. T. Irvine,* for the appellants.

*J. F. Bullitt, R. A. Ayers, James H. Gilmore,* and *Jos. L. Kelly,* for the appellees.

KEITH, P., delivered the opinion of the court.

The original bill was filed in this case by Henry S. Kane and others, heirs at law of Henry S. Kane, deceased, who aver that they have the legal right to, and are in possession of, a tract of land lying in the counties of Wise and Scott. They allege that there are certain deeds in existence under which the Virginia Coal & Iron Co. claim which constitute clouds upon the title of complainants, which they describe with much detail, and pray may be rescinded, annulled, and set aside. To this original bill the Virginia Coal & Iron Co., Patrick Hagan, and the heirs of E. K. Hyndman are made defendants.

Subsequently, a first and second amended bill were filed, introducing other defendants, and making additional averments, which do not affect the case in the view we have taken of it.

The prayer of the plaintiffs is that they may have clouds which they aver rest upon their title removed, and that they may be quieted in the enjoyment and possession of the land in controversy. To entitle them to this relief, they must show in them-

selves the complete title to, and possession of, it.   That this is the established law cannot be controverted.

" The jurisdiction of courts of equity to remove clouds from title is well settled; the relief being granted on the principle *quia timet*, that is, that the deed or other instrument or proceeding constituting the cloud may be used to injuriously, or vexatiously embarrass or affect a plaintiff's title.   Whether or not the jurisdiction will be exercised, depends upon the fact that the estate or interest to be protected is equitable in its, nature, or that the remedies at law are inadequate where the estate or interest is legal—a party being left to his legal remedy where his estate or interest is legal in its nature, and full and complete justice can thereby be done." Pom. Eq., secs. 1398-99.

In *Orton* v. *Smith*, 18 How. 263, Justice Grier says: " Those only who have a clear, legal, and equitable title to land, with possession, have right to claim the interference of a court of equity to give them peace, or dissipate a cloud on the title."

*Frost* v. *Spitley*, 121 U. S. 552, reaffirms this doctrine, and further says: "A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for if his title is legal, his remedy at law by action of ejectment, is plain, adequate and complete; and if his title is equitable, he must acquire the legal title, and then bring ejectment." In *United States* v. *Wilson*, 118 U. S. 86, the same doctrine is stated and emphasized.

In *Otey* v. *Stuart*, 91 Va. 714, Judge Buchanan, delivering the opinion of the court, says: "A court of equity, as a general rule, in the absence of statutory authority, does not entertain a bill of this character if the party filing it claims to be the owner of the legal title, unless he is in possession of the land upon which the cloud rests.   The jurisdiction exercised by courts of equity in this class of cases is founded upon the theory that the party making it has no adequate remedy at law for the injury of which he complains.   If he is out of possession, and is the owner of the legal title, he has ordinarily a complete remedy at

law by an action of ejectment." See, also, *Carroll* v. *Brown,* 28 Gratt. 791; and *Stevens* v. *Harman,* 80 Va. 48.

It may be conceded for argument's sake, and only for that purpose, that appellants have shown the legal title in themselves, yet their case must fail, for the evidence of their possession is wholly insufficient. All that appears upon the subject is to be found in the deposition of one of the plaintiffs, Henry S. Kane, who says that his father " had tenants upon these lands before his death, which occurred in 1876, and that his heirs have had tenants upon the Purcell survey, and also a tenant upon the Wolcott survey, as shown by a written agreement filed in this case." The lands in dispute are embraced within the Wolcott survey, and there is a written agreement by which a portion of it was rented by appellants to a tenant, but the evidence is conclusive that no possession was ever taken under the lease. We may safely say, therefore, that there is no evidence whatever of possession in the appellants.

We find it unnecessary, therefore, to consider the many questions so ably argued by counsel, for, as a court of equity has no jurisdiction over the subject matter of the controversy, it would be manifestly improper for us to express any opinion with respect to them. This sufficiently disposes of the case presented by the appellants, so far as it affects the Virginia Coal & Iron Co.

Patrick Hagan is made a party defendant to the bill, and there is a very elaborate statement of facts and circumstances intended to show that he was guilty of a fraud upon the plaintiffs. If the plaintiffs have a case against him it could have been asserted at law. There is in the case no fact or circumstance which could give a court of equity jurisdiction, save and except the charge of fraud. As was said in the case of *Green* v. *Spaulding,* 76 Va. 416: " It is true that to give relief in cases of fraud is one of the elementary grounds of jurisdiction of courts of equity. I do not understand, however, it is thereby meant that this jurisdiction extends to all possible cases in which the com-

mission of a fraud may be involved. Where the party can have as effectual and complete a remedy in the courts of common law as in equity, and that remedy is direct, certain and adequate, there can be no just ground for a resort to the equitable forum.

In *Buck* v. *Ward*, decided at this term, *ante* p. 209, the jurisdiction of a court of equity was invoked upon the sole ground that the defendant had been guilty of a fraud upon the plaintiff, but the court said, Judge Cardwell delivering the opinion: "There is no deed to be vacated, no impediment to be removed out of the way of the complainants in the enforcement of their remedy, if any they have, at law. The bill upon its face calls for no relief that can be afforded complainants other than a decree for specific sums of money "; and the bill in that case was dismissed upon demurrer.

It is sought to distinguish the case under consideration from that, because there the record shows the specific sums demanded by the complainant, while here it is argued that the facts are peculiarly within the breast of the defendant, Hagan. If that be so, a prayer for discovery might perhaps have conferred jurisdiction upon the court, but to that the plaintiffs did not see fit to resort. The bill, therefore, as to Hagan, stands naked of any element of equity, save the recital of facts constituting what the plaintiffs allege was a fraud upon their rights.

Upon the whole case, we are of opinion that a court of equity was without jurisdiction as to any of the defendants, and the decree of the Circuit Court must be affirmed.

*Affirmed.*