# Richmond.

SMITH AND OTHERS V. THOMAS AND OTHERS.

JANUARY 17, 1901.

1. CHANCERY JURISDICTION—*Cloud on Title—Complainant in Possession—Injunction.*—A bill to remove a cloud upon the title to land or to restrain the recordation of a paper that will cast a cloud thereon, must aver title and possession in the complainant; and, even when such averments are made, the bill will be dismissed, at the hearing, for want of jurisdiction, if the evidence fails to show such possession.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 27, 1900, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Patrick & Gordon* and *John W. Stephenson,* for the appellants.

*J. K. M. Norton* and *C. C. Carlin,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

The appellants, plaintiffs below, filed their bill in the Circuit Court of Bath county, against the appellees, defendants below, the object of which was to enjoin and restrain the clerk of the County Court of Bath county from recording and indexing in the current deed-book in his office, pursuant to a special act of the General Assembly (Acts 1899-1900, p. 492), a certain paper,

on the ground that such recordation of said paper would cause a cloud upon the title to certain lands in litigation in a certain chancery cause pending in the Circuit Court of Bath county, in which appellees are plaintiffs, and appellants are defendants.

A temporary injunction was awarded in accordance with the prayer of the bill, and the cause having been removed to the Circuit Court of Augusta county, the latter court, upon the hearing thereof on the bill, the demurrer and answer of defendants thereto, and affidavits filed by the parties, sustained the demurrer, dissolved the injunction, and dismissed the bill. From this decree the case is before us on appeal.

Had the paper that appellants seek to enjoin and restrain the clerk of the County Court of Bath county from recording and indexing in his office been actually recorded and indexed therein, they could not maintain their suit in a court of equity to remove it as a cloud upon their title to the land in question without averring complete title to the land, and possession of it, and even where such a bill avers title and possession of the land in plaintiff, if, upon the hearing of the cause the evidence failed to show his possession the bill would be dismissed for the want of jurisdiction in a court of equity. This is well settled by the decisions of this court. *Carroll* v. *Brown,* 28 Gratt. 791; *Stearns* v. *Harman,* 80 Va. 48; *Otey* v. *Stuart,* 91 Va. 714; *Kane et als.* v. *Va. Coal & Iron Co.,* 97 Va. 329.

In this case the bill not only fails to set out what interest the appellants claim to have in the lands, but it contains no averment of the possession of the land in them. On the contrary, an exhibit, filed with the bill and made a part thereof, shows that the possession of the land is in the appellees.

We are of opinion, therefore, that the case is controlled by the decisions of this court cited, and that the decree appealed from should be affirmed.

*Affirmed.*