# Staunton.

## NEFF v. RYMAN.

### September 12, 1902.

1. LANDLORD AND TENANT—*Adverse Possession of Tenant—Disclaimer—Knowledge of Landlord.*—A tenant may dissever the relations existing between him and his landlord without first surrenaering possession of the leased premises; but, in order for his possession to be deemed adverse, there must be a clear, positive, and contmued disclaimer and disavowal of the landlord's title, and knowledge of the adverse claim must be brought home to the landlord before a foundation can be laid for the operation of the statute of limitations against him.

2. LANDLORD AND TENANT—*Privies of Tenant—Admissions.*—When the relation of landlord and tenant has been once established, it attaches to all who may succeed to the possession through or under the tenant, whether mediately or immediately, and the succeeding tenant is as much bound by the acts and admissions of his predecessor as if they were his own.

3. CHANCERY PRACTICE—*Cloud on Title—Bill to Remove—Who May File.*—A bill to remove a cloud upon the title to real estate can only be maintained upon allegations and proof that the complainant has both the possession and a good title.

Appeal from a decree of the Circuit Court of Rockingham county, pronounced January 2, 1900, in a suit in chancery, wherein the appellees, S. H. Ryman and Eleanor Ryman, were the complainants, and the appellant and Elenora Neff were the defendants.

*Reversed.*

The opinion states the case.

*C. R. Wingfield* and *D. O. Dechert,* for the appellant.

*O. B. Roller & Martz*, for the appellees.

Whittle, J., delivered the opinion of the court.

The object of this suit is to quiet the title of complainants, appellees here, to the land in controversy, and to remove a cloud cast upon the title by having cancelled a deed from Elenora Neff to her brother and co-defendant, Michael Neff, by which she undertook to convey the land to him.

The bill charges that the female complainant acquired title to the property by descent from her father, George Will; that in the year 1879 his heirs at law made partition *in pais* of the land of which he died seised, and the lot in controversy was allotted and conveyed to complainants as their share of the inheritance; that they have since that time held it in uninterrupted possession, within their enclosure, occupying, cultivating and paying taxes thereon.

It is insisted that neither the defendants, nor anyone under whom they claim, have ever had any right or title to the land, and that the deed from Elenora Neff to her brother is fraudulent.

The answer of Michael Neff, who alone appeared, admits that complainants are in possession of the land, but denies that they have title thereto, or that their possession was adverse. On the contrary, he maintains that, until the institution of this suit, complainants had continuously recognized and admitted his ownership, and that of his predecessors in title. He denies the charge of fraud, and sets forth circumstantially his chain of title.

By the decree appealed from, the trial court sustained the contention of complainants and cancelled the deed.

The evidence warrants the following findings:

(1) That the lot in question did not belong to the estate of

George Will, deceased, but was included in a royal grant, bearing date September 10, 1755, of 130 acres to Jacob Bear.

(2) That this land descended to Jacob Bear, Jr., a son of the original patentee, and in the year 1842 was partitioned among his heirs at law; but that the lot in controversy was not embraced in that division.

(3) That in the year 1856, Henry Neff, father of appellant, and one of the heirs of Jacob Bear, Jr., took possession and claimed ownership of the omitted lot, by a parol agreement with the other heirs.

(4) That Henry Neff afterwards delivered the possession to George Will, as tenant at will; that George Will asserted no other claim to the property; and that the character and extent of his title were known to appellees.

(5) That when the land of George Will was partitioned in the year 1879, Henry Neff's lot was included in the allotment, and deed to appellees, and has ever since been in their possession.

That appellees promptly put their deed to record, but made no change in the physical markings of the boundaries of the lot, which consisted of stones planted at each corner, and they never informed Henry Neff, or those claiming under him, of any disclaimer on their part of his title; but from time to time, during the continuance of their possession, made proposals to purchase the lot.

It is settled law in this State that a tenant may dissever the relations existing between himself and his landlord without first surrendering possession of the leased premises, but in order for his possession to be deemed adverse, there must be a clear, positive and continued disclaimer and disavowal of the landlord's title, and knowledge of the fact that the possession is adverse must be brought home to the landlord before a foundation can be laid for the operation of the statute of limitations against him. *Erskine* v. *North,* 14 Gratt. 60, 66; *Creekmur* v. *Creekmur,* 75 Va. 430.

The principle is elementary, and has received the repeated approval of this court, that when the relation of landlord and tenant has been once established, it attaches to all who may succeed to the possession through or under the tenant, whether immediately or mediately; and the succeeding tenant is as much bound by the acts and admissions of his predecessor as if they were his own. *Emerick* v. *Tavener,* 9 Gratt. 224.

"The relation of landlord and tenant is one carefully guarded by the law, and it will not allow one who has come into the possession of land under another to set up an adverse claim to it, without full notice of his disclaimer or assertion of adverse title." *Reusens* v. *Lawson,* 91 Va. 225, 237; *Hulvey* v. *Hulvey,* 92 Va. 182.

The ground upon which jurisdiction of courts of equity to quiet possession and remove clouds from a title rests is that it is inequitable that a party in possession with a good title should be embarrassed by having a hostile claim outstanding against his property, which, although not actively asserted and not of any validity, is nevertheless calculated to affect the marketability of the title.

But a bill in such a case can only be maintained upon allegations and proof that the plaintiff has both the possession and a good title. Story's Eq. Pl. (10 ed.), sec. 603, n. (b); *Carroll* v. *Brown,* 28 Gratt. 791; *Stearns* v. *Harman,* 80 Va. 48; *Baker* v. *Briggs,* 99 Va. 360.

A plaintiff in possession cannot resort to an action of ejectment, and is therefore without a complete and adequate remedy at law. *Steinman* v. *Vicars,* 99 Va. 595.

In the light of the foregoing principles applied to the facts of this case, it is apparent that appellees succeeded to the title and possession of George Will, tenant of Henry Neff, to the lot in controversy; and that, until the institution of this suit, there had been no such disseverance of the privity of title existing between them as to render their possession adverse.

There was a failure to prove the essential elements to give the Circuit Court jurisdiction, and the bill ought to have been dismissed at the hearing with costs.

The decree appealed from is, therefore, erroneous, and it must be reversed.

*Reversed.*