## Richmond.

GLENN v. WEST.

February 2, 1905.

1. QUIETING TITLE—*Title of Complainant—Possession.*—To maintain a bill to remove a cloud on the title to land, the complainant must have a clear legal and equitable title to the land, and be in possession. A person out of possession cannot maintain such a bill whether his title is legal or equitable; for if his title is legal, he has a plain, adequate, and complete remedy at law, by action of ejectment, and if it is equitable, he must acquire the legal title and then bring ejectment.

2. QUIETING TITLE—*Bill by Equitable Owner—Adverse Claimant in Possession—Complete Relief.*—The equitable owner of land, out of possession, cannot, on a bill filed to obtain the legal title, unite one in possession of the land under a tax deed, with whom he is not in privity and against whom he asserts no equity, and test the validity of his deed under a claim of removing a cloud on the title. The possession of the purchaser under the tax deed is good against all the world except the true owner. The equitable owner can turn such purchaser out of possession only upon the strength of the legal title which he must first acquire, and when he acquires it, his remedy is at law. Where no equity is alleged against such purchaser, and the claim is purely legal, the suit is not one in which a court of equity, having acquired jurisdiction for one purpose, will go on and administer complete relief.

Appeal from a decree of the Chancery Court of the city of Richmond, in a suit in chancery, wherein the appellee was the complainant, and the appellant and another were the defendants.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson* and *W. H. Werth,* for the appellant.

*H. R. Pollard* and *E. M. Long,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The first assignment of error in this case calls in question the action of the Chancery Court of the city of Richmond in overruling the demurrer to the bill.

The bill sets forth that the house and lot in controversy was held by Barnett Wicker, as substituted trustee under a deed dated in 1851, for the benefit of Elizabeth Ann Probst for life, and at her death to be conveyed by the trustee to the child or children, living at that time, of the life tenant and Geo. W. Probst; that Elizabeth Ann Probst died in September, 1883, leaving Charles S. Probst as the only surviving child of herself and Geo. W. Probst; that the trustee, Wicker, died at some time prior to the year 1861, and that James F. Phillips had been appointed as his administrator c. t. a.; that no conveyance had ever been made of the house and lot to Chas. S. Probst, but that he had taken possession thereof as the equitable owner upon the death of his mother, and had, in July, 1886, sold and conveyed his title and interest therein to Willard E. Brown, who remained in possession until November, 1899, when he was ousted by the appellant, Joseph E. Glenn; that after being so ousted, he (Brown) had conveyed by deed dated March 28, 1902, his interest in the property to the appellee, Wm. B. West. The bill then alleges that the house and lot were listed for taxation in the name of B. Wicker, trustee for E. A. Probst, &c.; and that it had been sold for the delinquent taxes for the years 1876, 1877 and 1878, and bought in by the Commonwealth; that not having been redeemed, as provided by

law, the appellant had, in pursuance of the statute, made application for the purchase thereof, and that on the 28th day of November, 1899, the clerk of the Hustings Court for the city of Richmond had executed a tax deed, conveying the property to the appellant, and that this tax deed had been duly recorded. It is further alleged that, inasmuch as the taxes for which the property was sold had accrued during the period of the life tenancy, the tax deed to the appellant did not "effect or divest" the title of the appellee, who was successor under the several conveyances mentioned to the right and title of the remainderman, Chas. S. Probst.

The bill further charges that the administrator c. t. a. of the trustee, Wicker, should be required to convey the house and lot in question to the appellee, but that after diligent inquiry his whereabouts could not be ascertained.

The prayer of the bill is that the appellant, Jos. E. Glenn, and the administrator of Barnett Wicker, deceased, be made parties defendant; that the deed establishing the trust under which the property was held by Elizabeth and Chas. Probst be construed and enforced according to its purpose and effect; that the tax deed from the clerk to the appellant be set aside and annulled, and that the administrator of Barnett Wicker be required to convey the property to the appellee; that the appellant be required to account for rents and profits during the period of his occupancy of the premises, and for general relief.

Stripped of verbiage, the purpose of the bill is to procure the outstanding legal title in James F. Phillips, administrator of Barnett Wicker, trustee, and at the same time, by way of removing a cloud from that title, to have cancelled and annulled the deed of a third party who is in possession, holding as purchaser from the Commonwealth.

The complainant admits that he has only an equitable title to the property in question, and admits that the defendant is in

possession under a tax title deed. The parties are strangers and no privity in title or right exists between them, nor is any fact stated in the bill that connects the defendant in any way with the equity alleged by the complainant.

The doctrine is well settled that only those who have a clear legal and equitable title to land, with possession, have a right to claim the interference of a court of equity to give them peace, or dissipate a cloud on the title. A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for if his title is legal, his remedy at law, by action of ejectment, is plain, adequate and complete; and if his title is equitable, he must acquire the legal title and then bring ejectment. *Kane* v. *Va. Coal & Iron Co.*, 97 Va. 329, 33 S. E. 627; *Otey* v. *Stuart*, 91 Va. 714, 22 S. E. 513; *Smith* v. *Thomas*, 99 Va. 86, 37 S. E. 784; *Orton* v. *Smith*, 18 How. 263, 15 L. Ed. 393; *Frost* v. *Spitley*, 121 U. S. 552, 30 L. Ed. 1010, 7 Sup. Ct. 1129.

The bill being without equity against the defendant, his possession is good against all the world except the true owner. As the bill asserts no equity against him, he has the right to stand on his possession until compelled to yield to the true title. The plaintiff cannot deprive him of that right by neglecting to acquire the legal title, and upon the ground of his equitable title ask the aid of a court of equity. The plaintiff can turn the defendant out of possession only upon the strength of the legal title, which he must first acquire. Having done this, a court of law is the proper forum in which to bring his suit. *Fussell* v. *Gregg*, 113 U. S. 550-555, 28 L. Ed. 993, 5 Sup. Ct. 631; citing *Hipp* v. *Babin*, 19 How. 271, 15 L. Ed. 633; *Parker* v. *W. Mfg. Co.*, 2 Black, 545, 17 L. Ed. 333; *Grand Chute* v. *Winigar*, 15 Wall. 373, 21 L. Ed. 174; *Lewis* v. *Cocke*, 23 Wall. 466, 23 L. Ed. 70; *Killian* v. *Ebbinghams*, 110 U. S. 568, 28 L. Ed. 246, 4 Sup. Ct. 232.

This is not, as contended, a case in which a court of equity having acquired jurisdiction for one purpose, will, in order to avoid a multiplicity of suits, proceed to adminster complete relief. The appellee is asserting in a court of equity a purely equitable claim against the personal representative of B. Wicker, trustee, and he cannot in such a suit implead the appellant, against whom he has no equity, for the purpose of enforcing a purely legal claim. The appellee has the right to prosecute his suit for the purpose of recovering the outstanding legal title to the property in question, but when that is secured his remedy is at law.

For these reasons the decree complained of must be reversed, and such decree entered here as the lower court ought to have entered, sustaining the demurrer and dismissing the bill as to the appellant, Joseph E. Glenn; but without prejudice to the rights of either party in such further proceedings as the appellee may be advised to take.

*Reversed.*