Opinion.

# Wytheville.

## TAX TITLE CO. v. DENOON.

June 13, 1907.

Absent, Keith, P.

1. EQUITY—*Jurisdiction*—*Quieting Title*—*Who May Sue.*—Only those who have a clear, legal and equitable title to land, and are in possession thereof, can invoke the aid of a court of equity to give them peace, or dissipate a cloud on the title. If a person is out of possession but has the legal title, his remedy at law, by ejectment, is full, adequate and complete; if he has only an equitable title, he must first acquire the legal title, and then bring ejectment.

Appeal from a decree of the Circuit Court of Henrico county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*M. H. Omohundro* and *Isaac Diggs,* for the appellant.

*S. S. P. Patteson* and *W. H. Price,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

The subject matter of this litigation is a lot of land, with improvements thereon, in Henrico county, within one of the suburbs of the city of Richmond, at the southwest corner of Washington and Winder streets, fronting twenty-five feet on Winder street, and extending back to an alley in the rear.

The Tax Title Company, a corporation under the laws of the state of Virginia, on the 13th day of April, 1903, obtained a deed from the clerk of Henrico county for this property, as provided by section 666 of the Code of 1887, the property having been returned delinquent in the name of one George W. Martin and sold, as provided by law, to satisfy the delinquent taxes due thereon, and purchased by the Auditor of Public Accounts for the benefit of the commonwealth.

On April 25, 1903, H. L. Denoon obtained from one B. F. Hall the following contract of purchase of the said property: "In consideration of the sum of one dollar, and the conveyance of the property No. 809 North 28th street to L. W. Hall, I hereby grant and sell unto H. L. Denoon the property at southwest corner of Washington and Winder streets, fronting twenty-five feet on Winder street, and extending back to the alley in the rear, subject, however, to the two mortgages, one of $700.00 and interest, dated April 19, 1893, and one of $1,250.00 and interest, dated . . . . . . . . . . . . . . And I hereby agree to convey said property to said H. L. Denoon or his assigns, when so directed by him, or he is hereby authorized to foreclose and sell said property under either of the above mortgages at his discretion."

In September, 1903, Denoon, claiming the property in question, by reason of the foregoing contract from Hall, the then owner, filed his bill in the circuit court of Henrico county, the purpose of which was to have removed the deed of the Tax Title Company aforesaid, as a cloud upon complainant's title to the property it covered, the bill alleging that the said tax title deed was not a valid deed for the reason that there was a certain deed of trust dated April 19, 1893, made by J. B. Blair and wife to C. L. Denoon, trustee, conveying the property in question to secure a debt of $700.00, which deed had not been released, and the trustee therein had not been served with notice of the Tax Title Company's application to purchase the property, as required by law.

The Tax Title Company filed an answer, denying each and every material allegation of the bill, the right of the plaintiff to recover in said suit, and that the deed of trust to C. L. Denoon was a lien upon the property, and setting forth at some length the chain through which it acquired title to the property.

Depositions were taken on both sides, and exhibits were filed in the record; and on the 11th day of July, 1906, the circuit court entered the decree complained of, appointing the clerk of Henrico county a special commissioner to mark on the margin of the deed book, where the deed of the Tax Title Company was recorded, that it was null and void, when the full amount of taxes, interest and penalties, amounting to $64.34, had been deposited in bank to the credit of the court in the cause, and directing the cause to be removed from the docket. From this decree this appeal was taken.

The first question for consideration is, whether or not appellee (complainant in the court below) can maintain this suit in a court of equity to remove a cloud from his title. His title to the property, if any, which entitles him to maintain this suit, is by virtue of his contract of purchase from Hall, above set out, bearing date April 25, 1903, subsequent to the deed obtained by appellant for the property pursuant to section 666 of the Code. This contract does not purport to convey the property, but merely provides that Hall agrees to convey the property to Denoon, or his assigns, when so directed by him, or that Denoon might foreclose and sell the property under either of the mortgages mentioned in the contract, at his discretion. At most, the contract only vests in Denoon an equitable interest in the property, and, although he may be considered as in the possession thereof at the institution of this suit, the tenant of the property having attorned to him, the question still remains, whether, without the legal title, he could maintain this suit in a court of equity.

This court has repeatedly held, in a long line of cases, coming down to *Glenn* v. *West,* 103 Va. 524, 49 S. E. 671, that a court

of equity cannot be invoked, in such a case as is made by this bill, either to give the complainant peace or to dissipate a cloud on the title to the property claimed by him.

Says the opinion in *Glenn* v. *West, supra,* after citing a number of pertinent authorities, "The doctrine is well settled that only those who have a clear legal and equitable title to land, with possession, have the right to claim the interference of a court of equity to give them peace, or to dissipate a cloud on the title. The person out of possession cannot maintain such a bill, whether his title is legal or equitable, for, if his title is legal, his remedy at law by action of ejectment is plain, adequate and complete; and if his title is equitable, he must acquire the legal title and then bring ejectment."

Among the authorities cited in the above named case is *Smith* v. *Orton,* 21 How. 241, 16 L. Ed. 104, where it was held that "An equitable interest in contestation may be the subject of a *bona fide* sale and transfer by deed, in the like manner that a mortgagor's equity may be sold and conveyed;" and that "after a mortgage debt is discharged, the mortgagor or his assignee may compel the mortgagee or his assignee to surrender the legal title." But an assignee of only an equitable interest in real estate cannot be heard in a court of equity to dissipate a cloud on the title.

In a still more recent case decided by the same court—*Frost* v. *Spitley,* 121 U. S. 552, 30 L. Ed. 1010, 7 Sup. Ct. 1129— the opinion says: "Under the jurisdiction and practice in equity, independently of statute, the object of a bill to remove a cloud upon title, and to quiet the possession of the real estate, is to protect the owner of the legal title from being disturbed in his possession, or harassed by suits in regard to that title; and the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff." A number of authorities are cited in support of this statement of the law, including *Orton* v. *Smith,* 18 How. 263, where it was said, as was said by this court in *Glenn* v. *West, supra:* "Those only who have a

clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title."

In *Hitchcox* v. *Morrison,* 47 W. Va., 205, 34 S. E. 993, it is said: "Those only who have a clear legal and equitable title to land, connected with actual possession, have the right to claim the interference of a court of equity to give them peace or dissipate a cloud on their title."

Counsel for appellee cite us to some authorities supporting, as it would seem, the contention that the holder of an equitable title may maintain a bill to remove a cloud thereon, as he has no possible remedy at law; but these authorities are not only in conflict with the great weight of authority, but directly in conflict with our own decisions to which we have adverted.

The court being without jurisdiction to entertain the bill in this cause, it is unnecessary to consider other questions presented in the record.

The decree complained of must be reversed and such decree entered here as the lower court ought to have entered, dismissing the bill of appellee, without prejudice to his rights in such further proceedings as he may be advised to take in the premises.

*Reversed.*