Statement.

MEADE AND OTHERS V. KING AND OTHERS.

September 15, 1910.

Absent, Cardwell, J.

1. QUIETING TITLE—*Requisites for Suit—Legal Title and Possession.*— In order to maintain a suit in equity to remove a cloud on the title to land, it is indispensable for the complainant to allege and prove that he holds both the legal title and possession of the land in controversy; and even where title and possession are alleged, if, upon the hearing, the evidence fails to show such possession, the bill will be dismissed for want of jurisdiction.

2. QUIETING TITLE—*Possession Obtained by Fraud—Landlord and Tenant.*—If pending a lease, a landlord conveys the land to another, his rights under the lease devolve upon his grantee, and the attempted attornment by the tenant to a rival claimant of the land by delivering to him the keys to the premises is a fraud upon the rights of said grantee and he takes in subordination to those rights. A tenant cannot thus call in question his landlord's title, and such a possession so obtained is not sufficient to support a bill filed by the claimant against the landlord's grantee to cancel his deed as a cloud on the claimant's title.

Appeal from a decree of the Circuit Court of Russell county. Decree for complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*W. W. Bird* and *R. S. Meade,* for the appellants.

*Finney & Wilson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity brought by the appellees, J. D. and Esther King (who assert ownership and possession of the land in controversy, and title to certain personal property, by deed from Margaret E. Patrick, dated July 13, 1907) to set aside a deed of August 25, 1906, from Isaac L. Patrick and Margaret E. Patrick, his wife, conveying the same property to the appellants, Robert B. and Alice M. Meade, as creating a cloud on their title to the land. The consideration for both deeds was the support and maintenance of the grantors. The deed to the appellants also stipulated that they should add a room to their dwelling for the occupancy of the grantors, which was done, and Patrick and wife moved to the residence of appellants where they dwelt until November 25, 1906, when Isaac L. Patrick died.

In July, 1907, Mrs. Patrick, who was in very feeble health at the time, against the remonstrance of the appellants, left their home and was taken to the home of the appellees, where, having executed the deed of July 13, 1907, she died on August 25, following.

The alleged source of power in Mrs. Patrick to execute the deed of July 13 is a will made by her late husband, dated April 7, 1906, in which, after providing for the payment of debts, he gives his entire estate to his wife. Appellants insist that this will was revoked and rendered wholly inoperative by the subsequent deed from the testator and wife which invested them with the complete title to the property, subject to be divested only by their failure to perform the conditions subsequent contained in their deed.

It was moreover contended that the breach of a condition subsequent does not *ipso facto* operate a reverter of the title, and the estate continues in full force until proper proceedings are taken to consummate the forfeiture, either by the grantor in his lifetime or his heirs at law; and that an un-

enforced right of reverter in property is not the subject of devise.

In our view of the case it is not necessary to consider the issues of law and fact raised by these contentions. The sole ground of equitable jurisdiction set up in the bill is for the cancellation of the appellants' deed, as casting a cloud on the appellees' title.

The principle has been frequently enunciated and steadfastly adhered to by this court, that to maintain such a suit it is indispensable for the plaintiff to allege and prove that he holds both the legal title and possession of the land in controversy.

In *Smith* v. *Thomas*, 99 Va. 86, 37 S. E. 784, Cardwell, J., after laying down the foregoing rule, observes: " * * and even where such a bill avers title and possession of the lands in plaintiff, if, upon the hearing of the cause, the evidence failed to show his possession, the bill would be dismissed for the want of jurisdiction in a court of equity." *Carroll* v. *Brown*, 28 Gratt. 791; *Stearnes* v. *Harmon*, 80 Va. 48; *Otey* v. *Stewart*, 91 Va. 714, 22 S. E. 513; *Va. Coal & Iron Co.* v. *Kelly*, 93 Va. 332, 24 S. E. 1020; *Kane* v. *Va. Coal & Iron Co.*, 97 Va. 329, 33 S. E. 627; *Glenn* v. *Brown*, 99 Va. 322, 38 S. E. 189; *Steinman* v. *Vicars*, 99 Va. 595, 39 S. E. 227; *Neff* v. *Ryman*, 100 Va. 521, 42 S. E. 314; *Glenn* v. *West*, 103 Va. 521, 49 S. E. 671; *Tax Title Co.* v. *Denoon*, 107 Va. 201, 57 S. E. 586.

In this case the evidence fails to sustain the allegation that the plaintiffs were in possession of the land at the time of the institution of the suit in January, 1908.

The foundation of their claim to possession rests upon the alleged attornment to them by Davenport, who acquired possession under a lease from Isaac L. Patrick. This lease expired in the fall of 1907, but possession was continued under it until March 1, 1908. The rights of Patrick under the lease devolved upon the appellants as his grantees, and the attempted attornment by their tenant to the appellees by deliv-

ery of the keys to the premises was a fraud on the rights of the landlord, in which the appellees participated, and they took in subordination to those rights.

In *Emerick* v. *Tavener*, 9 Gratt. 220; 58 Am. Dec. 217, Lee J., at page 223, says: "A tenant cannot be permitted to question or impugn the title of his landlord during the continuance of the tenancy, nor until he has restored the possession or done what would be regarded as equivalent; nor can he be permitted to deny that the possession so received was the possession of his landlord. And the rule is extended to the case of a tenant acquiring the possession by wrong against the owner, and to one holding over after the expiration of his lease; and it applies, whether the question arises directly in an action brought against the tenant to recover the possession, or in a collateral form in some other action." Again, at page 225 of 9 Grat. (58 Am. Dec. 217), the learned judge remarks: "Thus Alton acquired by the conveyance from Emerick and his transfer of the possession, as against the lessor Tavener, no greater right than that by which Emerick held the possession. He took the premises in the same plight and condition in which they were held by him, and with all the duties and responsibilities, so far as Tavener was concerned, which could attach to Emerick himself. This doctrine, that a tenant cannot be permitted, by any act of his during the tenancy, or until he surrenders the possession, to call in question his landlord's title, is as well sustained in reason and justice as it is supported by numerous authorities."

In *Reusens* v. *Lawson*, 91 Va. 225, 237, 21 S. E. 347, 350, the ·court says: "The relation of landlord and tenant is one carefully guarded by the law, and it will not allow one who has come into the possession of land under another to set up an adverse claim to it, without full notice of his disclaimer or assertion of adverse title." *Hulvey* v. *Hulvey*, 92 Va. 182, 23 S. E. 233; *Neff* v. *Ryman, supra.*

Applying these principles to the evidence, it is clear that

the plaintiffs were not in possession of the land at the institution of this suit, and, therefore, were not entitled to invoke the equitable jurisdiction of the court.

For these reasons the decree appealed from must be reversed and the bill dismissed.

*Reversed.*