# Richmond

## BERNARD AND OTHERS V. MCCLANAHAN.

· November 20, 1913.

Absent, Keith, P.

1. APPEAL AND ERROR—*Objection Below—Personal Judgment.*—Where the only complaint of a defendant is that the judgment rendered against him is a personal judgment, but he took no exception to any of the rulings of the trial court, a writ of error awarded in his favor should be dismissed as having been improvidently awarded.

2. LANDLORD AND TENANT—*Property of Under-Tenant—Liability for Rent.*—The liability of the property of an under-tenant of leased premises for rent contracted to be paid by the tenant does not arise out of contractual relations between him and the lessor, but by virtue of the statute whereby he, upon entering the leased premises as under-tenant, subjects his property carried thereon to liability for rent contracted to be paid by the lessee of the premises, and this liability of his property continues while on the leased premises, and for thirty days after the same is removed therefrom, but it cannot be subjected for a greater amount than one year's rent, due or to become due, from the lessee to the lessor.

3. LANDLORD AND TENANT—*Goods of Under-Tenant—Liability for Rent Due or to Become Due.*—Section 2791 of the Code plainly makes the goods of the under-tenant liable for the rent, just as though they were the goods of the tenant himself; and by section 2962 it is provided that, if the goods are liable to be distrained, they may be attached. The intention of the legislature was to give as effective a remedy for rent to become due as for rent past due.

4. LANDLORD AND TENANT—*Sale of Goods by Tenant—Liability for Rent.*—Although there is no rent due when a lessee sells his entire stock on the leased premises, nevertheless there is a liability on the contract of the lessee for the rent and the goods are taken by the assignee or under-tenant subject to and liable for one year's rent reserved to the lessor in the contract.

5. ATTACHMENT—*Affidavit*—*Sufficiency.*—Where it appears upon the face of the record that the affidavit for an attachment was unquestionably filed in the proper court by the proper officer, it will not be vitiated by a mere clerical error of the clerk who wrote it, in not substituting the words "Law and Chancery" for "Corporation" in the printed form used by him.

6. ATTACHMENT FOR RENT—*No Pending Action.*—The fact that the action at law referred to in the clerk's certificate to an attachment was never matured for hearing does not render an attachment for rent void, for the attachment is good as a remedy for the collection of rent to become due under a contract, whether there is an action at law to recover it or not, since the right to sue out an attachment for rent is not dependent upon a pending action at law to recover the same.

7. ATTACHMENT—*Order of Sale*—*Personal Judgment.*—An order in an attachment case which recites that it appears to the satisfaction of the court that the defendant is indebted to the plaintiff in a stated sum, and directs a sale of the attached effects, or so much thereof as may be necessary, to pay the sum so stated is not a personal judgment against the defendant, but reaches only the goods attached.

Error to a judgment of the Law and Chancery Court of the city of Roanoke in an attachment for rent not due. Judgment for the plaintiff.    Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Hall & Woods,* for the plaintiffs in error.

*James D. Johnston, John Izard* and *John W. Carter,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error awarded to W. T. Bernard, the Roanoke Hat Company, Inc., and the Bernard-Dupuy Company, Inc., to a judgment entered by the law and chancery

court of the city of Roanoke in favor of W. S. McClanahan, in an attachment proceeding for the recovery of rent.

It was conceded in the oral argument before this court that the writ of error was improvidently awarded as to the Roanoke Hat Company, Inc., and should be dismissed; and the only complaint of W. T. Bernard is that the judgment is a personal judgment against him, but he took no exception to any of the rulings of the trial court, and, therefore, this writ of error was improvidently awarded as to him also.

The material facts in the case are as follows: By written lease, defendant in error, McClanahan, rented certain premises situated in Roanoke city to the Roanoke Hat Company for twelve months, from January 1, 1911, to January 1, 1912. In the spring of 1911, the Roanoke Hat Company wrote to McClanahan requesting him to make certain repairs to the leased premises, and agreeing that if he would do so it, the Roanoke Hat Company, would have a new company, which was proposed to be organized for the purpose of taking over the business of the Roanoke Hat Company, execute a new lease for three years from October 1, 1911, at an increased rental. The repairs were made and the proposed new company was formed under the name of the Bernard-Dupuy Company, Inc., W. T. Bernard being its president, but this company refused to execute the lease for three years before mentioned, though it entered on the premises as an under-tenant of the Roanoke Hat Company paying rent at the increased rate to that company, and that company in turn paying the same rent to McClanahan, the new company having bought from the old all of its goods theretofore on the leased premises. This condition continued up to and after the expiration of the original lease (which contained no provision for renewal or extension), rent being paid to March 1, 1912, when the goods theretofore on the leased premises were removed and

shortly thereafter (within thirty days) the attachment in this case was issued, and was served upon the goods so removed in the city of Lynchburg, in the possession of the Bernard-Dupuy Company.

The learned judge of the trial court, to whom all matters of law and fact arising in the case were, by consent of parties, submitted for decision, upon the above facts, took the view, "that upon the expiration of the original term, and the continuance of the possession and payment of rent by the Roanoke Hat Company to McClanahan, a new tenancy from year to year was created, beginning with the first day of January, 1912. The rent for the months of January and February (1912) having been paid, and the vacation of the property amounting to a notice of surrender, the amount of rent yet to become payable is for ten months remaining of the year 1912."

In accordance with this view of facts, the judgment here complained of was entered, the substance of which is that the plaintiff, W. S. McClanahan, is entitled to recover under his attachment for the amount of rent to become due for the unexpired term of the lease, to-wit, for ten months, at the rate of $100 per month, and that the goods levied upon under the attachment are liable therefor.

The errors assigned to the judgment raise the questions, first, did the court err in its construction of section 2962 of the Code of 1904, whereby the writ of attachment was held valid as against the goods of the under-tenant, the Bernard-Dupuy Company; second, is the judgment a personal judgment against the Bernard-Dupuy Company; and, third, was the affidavit upon which the attachment issued defective.

Section 2962 of the Code provides, that "on complaint by any lessor, his agent or attorney, to a justice or to the clerk of the circuit court of the county or of the circuit or any city court of the corporation in which the leased

premises or any part thereof may be, that any person liable to him for rent intends to remove, or is removing, or has within thirty days, removed his effects from such premises, if such lessor, etc., make oath to the truth of such complaint to the best of his belief and to the rent which is reserved (whether in money or other thing) and will be payable within one year, and the time or times when it will be so payable, and also make oath that there is not, or he believes, unless an attachment issues, that there will not be left on such premises property liable to distress sufficient to satisfy the rent so to become payable, such justice or clerk, as the case may be, shall issue an attachment for the said rent against such goods as might be distrained for the same if it had become payable, and against any other estate of the person so liable therefor."

When we turn to the statutes to ascertain what goods may be distrained for rent past due, section 2791 of the Code of 1904, very clearly answers the inquiry. In dealing with distress for rent, under the head-line, "On what goods levied," it provides, that "the distress may be levied on any goods of the lessee, or his assignee, or under-tenant, found on the premises, or which may have been removed therefrom not more than thirty days."

If the contention of the learned counsel for plaintiffs in error, that there being no privity of contract or contract liability as between the lessor and the assignee, or under-tenant, the language of section 2962, limits the right to sue out the attachment to a case where a person liable by contract for the payment of rent is removing or intends to remove the property from the leased premises, could be sustained, then much of the language of the statutes providing a remedy for the collection of rent might as well have been omitted, or should be regarded as meaningless. The liability of an under-tenant of leased premises, as in this case, does not arise out of contractual relations between him and the lessor, but by virtue of statute, whereby he, upon

entering the leased premises as under-tenant subjects his property carried thereon to liability for the rent contracted to be paid by the lessee of the premises, and this liability of his property continues while on the leased premises and for thirty days after the same is removed therefrom; provided, however, that such goods of the under-tenant cannot be subjected to the satisfaction of more than one year's rent due or to become due from the lessee to the lessor, as provided by statute. Code, secs. 2791, 2792.

The statute (sec. 2791, *supra*) plainly makes the goods of the under-tenant liable for the rent, just as though they were the goods of the tenant himself; and by section 2962 it is provided that if the goods are liable to be distrained, they may be attached.

In this case the sale by the lessee of its goods on the leased premises to its assignee or under-tenant, the Bernard-Dupuy Company, was in gross, and though there was no rent due from the lessee, at the time of sale, nevertheless, there was a liability on the contract for the rent and the goods were taken over by the assignee or under-tenant subject to and liable for one year's rent reserved to the lessor in the contract.

The opinion in *Neff* v. *Ryan,* 100 Va. 521, 42 S. E. 314, says: "The principle is elementary and has received the repeated approval of this court, that when the relation of landlord and tenant has once been established it attaches to all who may succeed to the possession through or under the tenant, whether immediately or mediately; and the succeeding tenant is as much bound by the acts and admissions of his predecessor as if they were his own. *Emerick* v. *Tavener,* 9 Gratt. 224," 58 Am. Dec. 217.

The argument that to so construe the statutes as to maintain the right of a landlord to attach the goods of an under-tenant of the leased premises for rent not due would be a hardship, since under such a construction an under-tenand could not safely carry his goods upon leased premises

without making them security for his landlord's rent for one year, is without force, since the same argument might as well be made with respect to the hardship of the statute giving the right of distress against the under-tenant's property for rent due, for when his goods go on the leased premises they become liable to distress for past due rent, not exceeding one year, though it may have accrued before his under-tenancy began. In fact, a greater hardship might have to be borne in the last-named instance than in the first, for, as said in Burks' Pleading and Practice, p. 12, "It will be observed that the landlord may distrain on the under-tenant for the whole amount of the rent due by the tenant, regardless of the state of the account between the tenant and the under-tenant—*e. g.*, if the tenant owes $1,000 rent, and the under-tenant has contracted to pay only $100 for the part of the premises occupied by him, the landlord may levy on the property of the under-tenant found on the leased premises for the entire $1,000 rent. The statute puts no limit on the extent of the liability of the assignee or under-tenant."

It is clear, we think, that the intention of the legislature was to give as effective remedy for rent to become due as for rent past due, and the statutes being capable of a construction carrying this into effect, the courts must so construe them and hold, as did the lower court, that the goods of the under-tenant in this case were subject to the attachment levied upon them.

Neither is there any merit in the contention that the lower court erred in not sustaining the motion of plaintiff in error, the Bernard-Dupuy Company, to quash the attachment on the ground that upon the face of the affidavit and attachment it was improvidently sued out and levied on the goods of the Bernard-Dupuy Company.

The clerk of the law and chancery court and the clerk of the corporation court of Roanoke city is one and the

same person, and the clerk's office of the two courts is one and the same. It did happen, as it seems, that the clerk wrote the affidavit on a printed form, and the words, "In the corporation court of the city of Roanoke," appear at the top, but nowhere else in the paper. The clerk certifies in the attachment, that "Whereas W. S. McClanahan has instituted in our court of law and chancery of the city of Roanoke an action on the case . . . against . . . (naming the defendants), and there having been filed in our clerk's office of our said court an affidavit that the claim of said plaintiff asserted in said suit is believed to be just, that the affiant believes that the plaintiff is entitled to and ought to recover one thousand, two hundred ($1,200.00) dollars for rent reserved and which is payable within one (1) year and which is payable monthly," etc. Upon the face of the record the affidavit was, unquestionably, filed in the proper court by the proper officer, and his failure to substitute "law and chancery" for "corporation" court was a mere clerical error as to which plaintiff in error raised no objection in the lower court, and if the objection could be raised in this court for the first time, we do not think it affords just ground of complaint.

Nor does the fact that the action at law referred to in the clerk's certificate was never matured for hearing render the attachment for the rent void, for the attachment was good as a remedy for the collection of rent to become due under a contract, whether there was an action at law to recover it or not, since the right to sue out an attachment for rent is not dependent upon a pending action at law to recover the same.

As to the remaining ground of objection to the affidavit, namely, that all persons liable for the rent were made parties defendant, we deem it only necessary to say that the record shows that all of the defendants other than the Bernard-Dupuy Company had made themselves liable for

the rent claimed in writing, and the Bernard-Dupuy Company was clearly liable therefor as an under-tenant by virtue of the statute, as we have already observed.

The remaining question requiring consideration is, did the lower court enter a personal judgment against plaintiff in error, the Bernard-Dupuy Company, the only defendant who did not acquiesce in the court's decision, but excepted thereto, and upon whom notice of the proceeding had not been personally served.

Reading the order of the court complained of as a whole, it conforms, as it appears to us, to the usual orders in such cases. So much of the order as is necessary to be quoted here is as follows: . . . "the court being of the opinion that the plaintiff is entitled to recover under his attachment, and that the goods so attached are liable, and it being proven to the satisfaction of the court that the defendants are indebted to the plaintiff in the sum of $1,000 for rent reserved by a contract on the premises known as numbers 101 and 103 Commerce street, Roanoke, Virginia, and that the goods levied on in the attachment sued out in this case were removed from the leased premises within thirty days preceding the levy of said attachment:

"It further appearing to the court that the sergeant of Lynchburg, Virginia, has levied on certain goods, wares and merchandise under said attachment, and that the same are now in the possession of the Bernard-Dupuy Company, Incorporated, a corporation in Lynchburg, it is ordered by the court that said sergeant sell said goods levied on, or as much thereof as may be necessary, as appears by his return on said attachment, upon the terms of said contract of rental of $100.00 per month for ten months, beginning March the 1st, 1912, for cash as to amount past due at the time of sale," etc.

Not only has counsel for defendant in error in the argument of the case in this court disclaimed that the order of

the lower court was, or should be, regarded as a personal judgment against any of the defendants in the attachment proceedings, but the order, in the form usual in such cases, when read and construed as a whole, reaches, as we interpret it and as the authorities hold, the goods attached only.

The case of *Griffin* v. *Milwaukee Harvester Co.,* 92 Iowa 634, 61 N. W. 243, 54 Am. St. 573, is in point. There the judgment was in an attachment proceeding against a non-resident in the words: "That said plaintiff have and recover judgment against the defendant Griffin, in the sum of $134.52, with eight *per cent.* interest on same from this date, and costs in this case, and that the property attached (certain lots) be sold to satisfy said judgment and costs." There, as in the case here, objection was made to the judgment, on the ground that it was a personal judgment, but the court in disposing of the objection said: "If the portion which directed the sale of the attached property had been omitted, the judgment would have been a personal one, and, therefore, void, but it stated the amount which the Harvester Company was entitled to recover, and that is essential in a judgment *in rem.* As an entirety it is sufficient, although perhaps not in the best form, to constitute a valid judgment against the land."

In 4 Cyc. p. 824, it is stated: "Some statutes contemplate the rendition of a judgment personal in form, even where no jurisdiction has been obtained over the defendant's person, and it seems that such judgment will not be deemed void in any case, but that whatever the form of judgment it can have no further effect than binding on the property attached." Wamples on Attachments, p. 511.

Other questions raised in this case, with which we have not specifically dealt, were either waived in the argument, or are regarded without merit.

The judgment complained of is affirmed.

*Affirmed.*