# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BEATTY v. BARLEY & ANOTHER.

### MARCH 16, 1899.

Absent, Buchanan and Harrison, JJ.

1. CHANCERY PLEADING—*Bill of Review—New Case—Errors of Law—Case in Judgment.*—A complainant cannot make an entirely new and different case by a bill of review from that made by his original bill. If the ground for the bill of review be errors of law, they must be such as appear on the face of the decrees, orders, and proceedings in the cause, arising on facts either admitted by the pleadings, or stated as facts in the decrees. In the case in judgment, the complainant in her original bill admitted that one of the defendants. had an insurable interest in the life of her husband, and sought a recovery on the ground that, having a double security for his debt, he had collected both, and thus been twice paid. In the bill of review the insurable interest is denied, and relief sought on other grounds. This cannot be allowed.

Appeal from a decree of the Corporation Court of the city of Alexandria, pronounced July 9, 1897, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Amended and affirmed.*

The opinion states the case.

*J. A. D. Richards, L. A. Baily,* and *J. M. Johnson,* for the appellant.

*Samuel G. Brent* and *A. W. Armstrong,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

In October, 1895, appellant filed her bill in the Corporation Court of the city of Alexandria against Louis C. Barley and Charles H. Yohe, admr. c. t. a. of Charles H. Beatty, deceased, alleging that her husband, Charles H. Beatty, died in Warren county, Va., December, 1891, after making and publishing his last will and testament, which was duly probated in the County Court of Warren county, whereby he made complainant his sole legatee and devisee; that Charles H. Yohe, then barely 21 years of age, was brought from Alexandria City to Warren County for the purpose of qualifying as administrator c. t. a. of her deceased husband, at the February term, 1892, of the County Court of Warren—Louis C. Barley, also a citizen of Alexandria City, becoming his surety; that complainant supposes she consented to this, but that, as her husband had just died, she was in great affliction, besides in no sense a business woman, and her condition such that she was incapable of knowing what was best, and had had no opportunity to consult with friends, before consenting to the qualification of Yohe, if she did. She alleges, further, that in his life time, Beatty, her husband, had taken out a policy of insurance on his life for the benefit of complainant for the sum of $6,500, which she realized after his death; that Beatty was seised and possessed of certain real estate in Front Royal, Va., which at his death was subject to a deed of trust securing to said Louis C. Barley, a debt of the principal sum of $3,000, and that complainant, desiring to save and preserve the property liable to this deed of trust, used and appropriated $3,000 of her insurance money, to pay to Louis C. Barley the debt thereby secured to him, and the lien of the deed of trust was released to her. She further charges that, at the time she used a part of her insurance money to pay Louis C. Barley the debt of $3,000, secured by the deed of trust aforesaid, she was not advised and informed that Barley had an insurance policy on the life of her husband, Charles H. Beatty, which he, Barley, held as collateral security for the debt of $3,000

secured by the trust deed aforesaid, which policy of insurance of $3,000 Barley' had collected after the death of Beatty, whereby, Barley, had realized upon both securities held by him for the same debt of $3,000 due him, and had therefore been twice paid the debt; once by complainant out of the insurance she had on the life of her husband, and again out of the insurance realized by Barley on the policy held by him on the life of Beatty.

. She further charges that Yohe, as administrator of Beatty, has made no effort to compel Barley to refund this $3,000, to the estate of Beatty; that he has done nothing in the way of a proper administration of the estate, having returned no inventory or appraisement of the estate, and that Barley and Yohe as admr. of Beatty's estate, seemed to be in collusion and conspiracy so that there can be no collection of Barley's indebtedness to the estate. It is then charged by complainant that such being the case, she is entitled to recover the $3,000, with interest, due from Barley, and that as Yohe the administrator of Beatty has not collected it or attempted to do so, she has the right to resort to a court of equity to compel Barley to pay over to her, or into court for the benefit of her husband's estate, this sum of $3,000, with interest, realized by him on the policy of insurance which he held on the life of Beatty as collateral security for the debt paid him, Barley, by complainant. She calls upon Barley for a discovery as to what insurance he had on the life of Charles H. Beatty; what company it was in; when taken out; for whose benefit; when and how much collected thereon; by whom the insurance was effected; what indebtedness existed between him, (Barley) and Charles H. Beatty, &c.

The prayer of the bill is that Barley be required to pay the amount realized by him on the insurance policy into court, subject to the order of the court, and for general relief.

On November 11, 1895, both Barley and Yohe as admr. of Beatty answered the bill. Barley in his answer admits, or re-

frains from denying, the allegations of the bill, other than those that directly charge or intimate that he procured Yohe to qualify as the administrator of Beatty's estate, and was then in collusion or conspiracy with the administrator so that his indebtedness to ·the estate of Beatty could not be enforced. These charges Barley indignantly denies and repels, and sets out that complainant consented to the appointment of Yohe as the administrator of Beatty's estate, upon the condition that he, Barley, would become Yohe's surety, and that this consent was given after consulting and advising with her attorney; that owing to the condition of Beatty's affairs it was impossible to get any man of business in Front Royal (Warren County) to act as administrator of his estate; that a number of business men had been appealed to to act as such administrator, but had declined; that Beatty had been in partnership in Front Royal with William H. Barley, respondent's (Barley's) father from November, 1877, to April, 1882; that William H. Barley died in February, 1881, and the partnership accounts between these partners had never been settled, although William H. Barley's E'x'r brought suit for their settlement in September, 1882.

The charge that he had twice collected the same debt of $3,000 due him from Beatty's estate is emphatically denied by respondent Barley, and, in this connection, he says that at the time the debt referred to was paid him by complainant, he fully and elaborately explained to her, in the presence of several gentlemen, that his father, William H. Barley, on the 23d of July, 1879, took out a policy of insurance on the life of her husband and his (William H. Barley's) partner, Charles H. Beatty, in The Equitable Life Assurance Society of the U. S. for the sum of $3,000, payable to Anna V. Barley, William H. Barley, Jr., and himself, or the survivors of them; that the first two having died the insurance came wholly to respondent, and that after the death of Beatty in January, 1892, respondent collected it.

Respondent further says that this was the only insurance he

ever had on the life of Charles H. Beatty; that it was taken out nearly five years prior to the deed of trust referred to in complainant's bill, and had no connection whatever with the debt secured by that trust deed; that the debt secured by the trust deed, was originally contracted with H. H. Downing, and evidenced by the joint bond of Charles H. Beatty and his wife (complainant) secured by trust deed on the real estate of complainant, not that of her husband, and Downing afterwards assigned the debt to respondent for a valuable consideration; that the principal of this debt was only $2,500; that, in order to relieve her property, complainant, in February or March, 1892, did pay respondent as assignee of Downing the sum of $3,000 in full of the debt, including interest, but that respondent, a few days thereafter, voluntarily paid back to complainant $200 of the money she had paid him, and released the lien of the deed of trust to her. Respondent further says that, at the time of Charles H. Beatty's death, there was no individual indebtedness between Beatty and respondent, but owing to the unsettled condition of affairs of Barley, Beatty & Co. it is impossible to state what indebtedness exists between Beatty and respondent as the only heir and legatee of William H. Barley, deceased, and that respondent believes and charges that Beatty, having received out of the assets of the firm of Barley, Beatty & Co. very much more than his share thereof, is largely indebted to the estate of William H. Barley and that respondent has made every possible effort to have a settlement of the partnership affairs of the firm of Barley, Beatty & Co., both in the life time of Beatty, and since his death, but has been unable to do so.

Yohe, as administrator of Beatty, in his answer, also says that it was with the consent and at the request of complainant that he qualified as the administrator of her husband's estate; that he was 26 years of age instead of barely 21, as alleged, and had had business experience, &c.

He also denies and repels indignantly the charge of collusion

and conspiracy between him and Barley, his co-respondent, whereby he has made no effort to collect of Barley his indebtedness to the estate of Beatty. He admits that he has done nothing towards collecting of Barley the $3,000 received by the latter on the policy of insurance on the life of Beatty, but says that the reason he has not done so is that, after diligent inquiry, he was unable to ascertain that it was an asset of his decedent's estate. The reason given by this respondent for not having returned an inventory and appraisement of his decedent's estate is that so far as respondent could learn from the complainant (widow of Beatty), and other sources, he found nothing to appraise, as the estate of Beatty consisted of his interests in the partnership assets of the firms of Beatty, Forsythe & Co. and Beatty, Forsythe & Harrison, which partnerships had to be settled up by the surviving partners; that respondent had done all in his power to have these partnership affairs settled; that suits are now pending for this purpose; that respondent has settled an account of his transactions as administrator of Beatty, and stands ready to perform all duties devolving upon him as such administrator, &c.

Upon the filing of these answers at the November term of the court, 1895, the cause was continued to the December term; then to the January term, and then to the February term, 1896, when it was heard on the bill and answers and the exhibits therewith, and the court dismissed the bill, with costs to respondents.

In August, 1896, the complainant filed her bill of review setting forth the allegations of her original bill, the statements and admissions in the answers thereto, and all the proceedings in the cause, and alleging that the decree dismissing her original bill " is erroneous, and ought to be reviewed and reversed for many apparent errors and imperfections, inasmuch as it appears by answer of Louis C. Barley that the alleged beneficiaries under the policy of insurance for $3,000 had not any interest in the life of the said Charles H. Beatty when issued, or at any

time, and the said Louis C. Barley should be made to account for said money as trustee for complainant, or those interested in, or entitled to, the estate of said Beatty."

In her original bill, the grounds upon which complainant sought the relief she asked were that Barley held two separate and distinct securities for one and the same debt, due him from the estate of complainant's husband, Charles H. Beatty, deceased; one a deed of trust on Beatty's real estate, and the other a policy of insurance on the life of Beatty, held by Barley as collateral security for the debt secured by the trust deed; that complainant had, out of her own money, paid Barley the debt thus secured, and Barley had also collected the amount of the insurance policy, $3,000, whereby he had been twice paid the same debt, and refused to refund to appellant, or to the estate of Beatty, the amount improperly received by him on the policy of insurance.

The original bill does not allege that Barley had no insurable interest in the life of Beatty. On the contrary, it sets out a state of facts upon which Barley is shown to have had an insurable interest in the life of Beatty, and the allegation is made upon the facts stated, that he did have such interest because of the debt due him from Beatty.

The grounds upon which appellant seeks to recover of Barley the amount realized by him on the policy of insurance on the life of Beatty, set out in her bill of review are solely that the beneficiaries named in the policy of insurance in question had not at the time the policy was issued, or at any other time, an insurable interest in the life of Beatty.

On a bill to review a decree on the ground of error in law, the errors must be such as appear on the face of the decrees, orders, and proceedings in the cause, arising on the facts either admitted by the pleadings or stated as facts in the decrees. But if the error be error of judgment in the determination of facts, such error can be corrected only by appeal. *Rawlings &c.* v. *Rawlings,* 75 Va. 76; 1 Barton Chancery Pr., p. 332.

As was said by the learned judge of the court below in a written opinion made a part of the decree dismissing the bill of review: " In the bill of review the complainant entirely changes her position, which cannot be done in a bill of review. This lies only for error apparent on the face of the decree complained of, and the proceedings in the cause in which it is entered, and the proceedings in this case only mean the bill and answers, so far as responsive. If the answers disclosed anything in favor of the complainant, she could have amended her bill, but the decree could only have been based on the allegations of the bill. The allegations of the bill were fully responded to, and denied by the answers, so far as material."

The complainant neither amended her bill nor offered any evidence in support of its allegation, although the cause was continued from the November term of the court, 1895, over two intervening terms to the February term, 1896. The decree then made upon the original bill, the answers and exhibits therewith, was clearly a proper decree, and had the court below decreed the relief sought by the bill of review, it would have been the adjudication of an entirely different case from that made in the original bill.

We are of opinion, however, that the decree dismissing the bill of review appealed from ought to have shown clearly that it was done without prejudice to the right of the complainant to have the administrator c. t. a. of her deceased husband, Charles H. Beatty, charged with any sum which it was his duty to collect, but which he failed to collect from Louis C. Barley, on account of the policy of insurance held by him on the life of Beatty.

This court will therefore so amend the decree appealed from, and, as amended, affirm it.

*Amended and affirmed.*