# Wytheville.

## WASSERMAN & OTHERS v. METZGER & OTHERS.

### JUNE 16, 1904.

1. EQUITY PRACTICE—*Parties—Unauthorized Sale by Trustee.*—Where
one of several debts secured by a deed of trust has been paid, but
the evidence of the debt, uncancelled, has been subsequently trans-.
ferred to a third person, who has pledged the same as collateral,
and the holder thereof directs the trustee to sell for its pay-
ment, and a sale and conveyance in pursuance thereof has been
made by the trustee, the holder of the evidence of debt is a neces-
sary party to a suit brought by other creditors secured to vacate
the sale made by the trustee, and no final decree can be made in
the cause in the absence of such holder.
2. APPEAL AND ERROR—*Defect of Parties in Trial Court—Objection.*—
Where there is such a defect of parties to a suit that injustice may
be done, if the absent parties be not before the court, this court
will remand the case in order that proper parties may be brought
before the court, although no objection on that ground was made
either in the trial court or here.

Appeal from a decree of the Court of Law and Chancery of
the city of Norfolk, in a suit in chancery, wherein the appellee,
Sophia Metzger, was the complainant, and the appellants and
others were the defendants.

*Reversed.*

The opinion states the case.

*Alfred P. Thom,* for the appellant.

*Burroughs & Bro.* and *Thos. H. Wilcox,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by Sophia Metzger to set aside a sale made by L. B. Allen, trustee in a deed of trust executed by Samuel Wasserman and wife to secure to Mrs. Metzger the payment of twenty-five hundred dollars. The ground upon which it was sought to set aside the sale made by the trustee was that it was made without authority, and was, therefore, void.

The facts of the case, briefly stated, are as follows:

By a deed dated December 10, 1892, Samuel Wasserman and wife conveyed to L. B. Allen, trustee, a house and lot in the city of Norfolk to secure to Sophia Metzger the payment of two negotiable notes for $1,250.00 each, payable one and two years after date, respectively, and dated December 10, 1892. In January, 1902, one P. J. Morris, representing himself to be the owner of one of the notes secured by the deed of trust, and the National Bank of Commerce of Norfolk, claiming to be the holder of that note as collateral security for a debt due it from Morris, informed Allen, trustee, that default had been made in the payment of the note, and directed him to sell the trust subject to satisfy the debts secured. The trustee thereupon advertised and sold the property at public auction, and Morris became the purchaser at the price of $2,200.00, on the 21st day of January, 1902. The trustee conveyed the property to Morris by deed dated as of the day of the sale, which was acknowledged for recordation two days afterwards. On the 25th of that month Morris and wife conveyed the property to trustees to secure to the Mutual Building and Loan Association of the city of Norfolk the payment of $2,000.00, which Morris had borrowed from it. On the 30th day of the next month Morris and wife conveyed the property to David Kalberman, as trustee for Mrs. Rikchen Wasserman, the wife of Samuel Wasserman (but who was divorced from him soon afterwards) at the price of $2,400.00, the grantee in the deed assuming the payment of the debt due the Building and Loan Association secured upon

the property.   After deducting the costs and expenses of the sale made by Allen, trustee, to Morris, the trustee paid one-half of the proceeds of the sale upon the note which Morris and the Commercial Bank claimed to be the owner and holder of, as before described, and notified Mrs. Metzger, the payee and holder of the other note, that he had a sum of money in his hands to be paid upon that note.   A few days afterward the agent of Mrs. Metzger, who seems to be quite an old woman, called upon the trustee, pursuant to the notice.   The agent denied any knowledge of the sale made by the trustee, stated that the note held by the parties who had directed the trustee to make sale of the house and lot had been paid, and that his mother held the other note, which was still due and unpaid, and declined to receive the money in the hands of the trustee. Subsequently, he did receive and credit it upon the note held by his mother, but at the time he received the money he did not have knowledge of all the facts, nor had he or his mother taken the advice of counsel at that time.   The note claimed by Morris and the bank had been paid five years or more before the sale by the trustee, and had been delivered by the payee or her agent to Samuel Wasserman, the maker.   Mrs. Metzger, who lived in the city of Norfolk, had no notice of the sale made by the trustee, and gave him no direction to sell.   Mrs. Wasserman, the vendee of Morris, and the present holder of the house and lot, had no actual notice of the fraud of Morris (who was in collusion with Samuel Wasserman) in claiming the note and causing the property to be sold by the trustee, nor that the sale made by Allen, trustee, was not made in accordance with the terms of the trust.

Upon the case made by the evidence, as it now stands, it appears that the Bank of Commerce took the note from Morris, who had no title to it, without assignment by Mrs. Metzger, long after it had matured and been fully paid.   All persons connected with the transactions set forth and interested in the ques-

tions involved, were made parties to the suit, except the said National Bank of Commerce of the city of Norfolk, at whose instance and for whose benefit in part the sale by the trustee was made.

We are of opinion that upon the state of facts presented by the record no final decree could be entered in the case in the absence of said bank, which might not do injustice, and that the trial court erred in not directing the complainant to amend his bill, so as to make the said bank a party.

Although no objection was made in the trial court, nor here, upon that ground, this court will, where there is such a defect of parties, send the case back, in order that the proper parties may be brought before it. *Jameson's Admr.* v. *DeShields,* 3 Gratt. 4, 13; *Taylor's Admr.* v. *Spindle,* 2 Gratt, 44, 72; *Richardson* v. *Davis, &c.,* 21 Gratt. 706, 711; *Lynchburg Iron Co.* v. *Taylor,* 79 Va. 671.

The decree appealed from will be reversed without passing upon the merits of the case, and the cause remanded to the Court of Law and Chancery, in order that the said bank may be brought before the court by the proper amendment of the bill.

*Reversed.*