# Richmond

THE BUCHANAN COMPANY V. HEIRS OF SMITH AND BANKS AND OTHERS.

January 15, 1914.

Absent, Buchanan, J.

1. EQUITY—*Bill to Quiet Title—Necessary Parties—Adverse Claimants —Squatters.*—Claimants of land whose possession originated many years ago (some of them over three quarters of a century), some of whom assert legal titles, and others equitable titles, to portions of the land by processes recognized by law, and who are legally and beneficially interested both in the subject-matter and the event and object of a suit to remove their claims as clouds upon complainants' title, are not mere squatters, but *bona fide* adverse settlers and are *necessary* parties to such suit.

2. EQUITY—*Necessary Parties—Parties by Representation.*—Necessary parties include all persons, natural or artificial, however numerous, materially interested, either legally or beneficially, in the subject-matter or event of the suit, and who must be made parties to it, and without whose presence in court no proper decree can be rendered. This rule is inflexible except where it is practically impossible to comply with it, and the absent parties are represented by others who have the same interest and are equally certain to bring forward the entire merits of the controversy as would the absent persons.

3. EQUITY—*Quieting Title—Who May Sue—Code, Section 3058 as Amended.*—Since the amendment of section 3058 of the Code in 1912 (allowing any person who has an equitable title to land and the right to the legal title to file a bill to remove a cloud upon the title to real estate, whether he be in possession or not), a person who has neither the complete legal and equitable title to land nor the actual possession thereof, may implead the unknown heirs and claimants under former owners, who are also out of possession and who have long ago abandoned the land, to quiet its title and remove a cloud therefrom.

4. DISMISSAL—*Without Prejudice.*—The dismissal of a bill for want of necessary parties should be without prejudice.

Appeal from a decree of the Circuit Court of Washington county. Decree for the defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford; Brown, Jackson & Knight,* and *S. B. Avis,* for the appellant.

*Greever & Gillespie* and *M. O. Litz,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity by the appellant, the Buchanan Company, a non-resident corporation, against the appellees, the unknown heirs of the claimants under Richard Smyth and Henry Banks. The main object of the bill is to remove an alleged cloud on appellant's title to 146,109½ acres of land situated in Buchanan county.

On November 16, 1795, a tract of 200,000 acres of land, including the boundary in controversy, was patented to Richard Smyth and Henry Banks, and the bill charges that the excess of the original tract over the land in dispute was found to lie in the State of Kentucky. Appellant attempts to connect its title with the original grant by the allegation that ninety odd years before the institution of this suit the land was sold for delinquent taxes due from Smyth and Banks to the United States, and was purchased by William Lamb to whom a tax deed was executed by William D. Taylor, collector, on November 3, 1823. It is sufficient to say that appellant claims mediately under this tax deed, without referring specifically to intermediate conveyances embraced in its chain of title. The alleged cloud upon the title sought to be removed is the original grant from the Commonwealth of Virginia to Smyth and Banks.

46

The bill, after asking that the unknown heirs and claimants under Smyth and Banks be made parties, concludes with the prayer, "that as against the said defendants it may be judicially determined, ascertained and decreed that all proceedings necessary to a proper and valid sale of said land for the direct taxes under which the same was sold and purchased by William Lamb, and pursuant to which said land was conveyed to him as aforesaid, were regular, complete and fully complied with; that each and all of the recitals made in the said deed . . are true; that its title to the land conveyed to it on February 17, 1905, by W. L. Dennis, county clerk of Buchanan county, may be quieted as against the defendants hereto, and that it may, as against the defendants hereto, be decreed to be the sole, legal and beneficial owner of the whole of said land in fee simple, and that by further decree each of the said defendants may be perpetually enjoined from asserting or prosecuting judicially or otherwise any claim to said premises against your complainant; that this court will order the decree so entered by it in this suit to be certified and transmitted to the county clerk of Buchanan county for recordation in the book in his office in which deeds are recorded, to the end that a complete and absolute title in fee simple to said land as against the said parties defendant may be shown by the records of said clerk's office . ."

Bruce C. Banks and Fanny Banks Muncey, two of the heirs at law of Henry B. Banks, appeared and demurred to the bill setting forth the grounds of demurrer in writing. Thereupon, the circuit court sustained the demurrer but granted leave to the plaintiff to amend its bill if it should so desire, and certain bar amendments were made which do not demand special notice.

The defendants again demurred to the bill as amended assigning the same grounds relied on in the demurrer to the original bill, which last named demurrer the court

likewise sustained; and complainant not desiring to make any further amendment the bill was dismissed with costs. From that decree this appeal was granted.

We shall confine our consideration of the ruling of the trial court to a single ground of demurrer, namely, that the bill and exhibits showed that all necessary parties were not made defendants.

It appears from exhibits with the bill, and just inferences from facts therein disclosed which necessarily flow therefrom, that since the execution of the deed from Taylor, collector, to Lamb, numerous parcels of land included within the original boundary have passed into the possession of adverse claimants under junior grants from the Commonwealth, court rights, and possession under color of title and claim of right predicated upon forfeiture of the entire tract to the Commonwealth for non-payment of taxes by former owners. The possession of some of these tracts originated as early as the year 1837. These claimants are, therefore, not mere squatters as was assumed in the argument of the case, but *bona fide* adverse settlers, who in some instances assert legal title and, in other, equitable titles to portions of the land by processes recognized by law, and are legally and beneficially interested both in the subject matter and the event and object of the suit. In these circumstances, it is the settled rule of practice that such persons are necessary parties and must be made defendants.

Professor Hogg, in his work on Equity Procedure, section 36, defines *necessary parties* as follows:

"Necessary parties include all persons, natural or artificial, however numerous, materially interested either legally or beneficially in the subject matter or event of the suit and who must be made parties to it, and without whose presence in court no proper decree can be rendered in the cause. This rule is inflexible, yielding only when the alle-

gations of the bill disclose a state of case so extraordinary and exceptional in character that it is practically impossible to make all parties in interest parties to the bill, and, further, that others are made parties who have the same interest as have those not brought in, and are equally certain to bring forward the entire merits of the controversy as would the absent persons. This cardinal principle governing as to parties to suits in equity is founded upon the broad and liberal doctrine that courts of equity delight to do complete justice by determining the rights of all persons interested in the subject matter of litigation, so that the performance of the decree rendered in the cause may be perfectly safe to all who are required to obey it, and that further litigation touching the matter in dispute may be prevented. On the other hand, persons wholly without any interest in the subject matter of the suit are neither necessary nor proper parties thereto . . .

"It follows from this classification, that necessary parties must be made parties to the suit; . . ."

And in section 37 he says: "There is no precise or universal test by which to determine when the interest of a person is such as to make him a necessary or proper party to a suit; further than that it must be a future and very uncertain and contingent interest. As to the nature of the interest it is not material whether it be legal or equitable, or present, direct and immediate, so it be some fixed interest, that may be affected or bound by the decree to be rendered in the cause. . . .

"It is not all persons who have an interest in the subject matter of the suit, but, in general, those only who have an interest in the object of the suit, who are ordinarily required to be made parties to it."

The principles enunciated in the text are of general application and fully sustained by the authorities. 1 Barton's Chy. Pr. 141; 1 Story's Eq. Pl. (9th ed), secs. 72, 76,

137, 142, 147; *Clark* v. *Long,* 4 Rand. (25 Va.) 451; *Lynchburg Iron Co.* v. *Tayloe,* 79 Va. 671.

Prior to an act approved February 20, 1912, amending and re-enacting section 3058 of the Code (Acts 1912, p. 76), which went into effect about one month before the institution of this suit, a court of equity would have had no jurisdiction of the case; because, before that amendment, it was settled law in this State that only those who had a complete legal and equitable title to land accompanied by possession could invoke the jurisdiction of a court of equity to remove a cloud on their title. A person out of possession could not maintain such a suit, because if he had the legal title his remedy at law would be plain, adequate and complete, and if he had the complete equitable title a court of equity would aid him to acquire the legal title, and he could then bring his action of ejectment to recover the land. *Otey* v. *Stuart,* 91 Va. 714, 22 S. E. 513; *Kane* v. *Va. Coal & Iron Co.,* 97 Va. 329, 33 S. E. 627; *Smith* v. *Thomas,* 99 Va. 86, 37 S. E. 784; *Steinman* v. *Vicars,* 99 Va. 595, 39 S. E. 227; *Glenn* v. *West,* 103 Va. 521, 49 S. E. 671. But the statute now declares that any person who has an equitable title to land and the right to the legal title may file such a bill whether he be in possession or not. So that the case presents the anomaly under the former rule of a person who has neither the complete legal and equitable title nor actual possession impleading unknown heirs and claimants under former owners, who are also out of possession, and who, as the bill alleges, have long ago abandoned the land, to quiet its title and remove a cloud therefrom. Yet the plaintiff fails to make *bona fide* claimants in adverse possession of portions of the land defendants—persons whose rights are vitally affected, and who are directly interested in resisting the effort of the plaintiff to connect itself with the Commonwealth by the establishment of an unbroken, perfect record title superior in point of time to

that of all other claimants, and which was imperfect at the time their rights accrued. *Jesse* v. *Preston,* 5 Gratt. (46 Va.) 120.

It is not easy to determine the precise scope of appellant's bill; but if, in addition to the prayer to remove a cloud on title, it is fairly to be construed as also a bill under Virginia Code, sec. 2361, to supply records or papers forming links in its title, then by the terms of that section the adverse claimants referred to are made necessary parties.

So, in either aspect of the case, the decree appealed from sustaining the demurrer to the amended bill was right and proper.

The decree is silent as to the reasons that controlled the learned circuit court in reaching its conclusion. We were told in argument that the basis of the decree was that all necessary parties were not made defendants. That was the sole ground of demurrer considered by this court, and it is the general rule in such circumstances that the dismissal of the bill should not be on the merits but should be without prejudice. *Scott* v. *Baskerville,* 6 Munf. (20 Va.) 20; *Allen* v. *Smith,* 1 Leigh (28 Va.) 254; *Lockbridge* v. *Sharrot,* 5 Leigh (32 Va.) 410; *Beatty* v. *Barley,* 97 Va. 11, 32 S. E. 794; *Wasserman* v. *Metzger,* 102 Va. 837, 47 S. E. 820.

Upon these considerations we are of opinion that the decree of the circuit court should be affirmed, subject only to the amendment that the dismissal of the amended bill must be without prejudice.

*Affirmed.*