# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## PHILLIPS, ET ALS. V. WELLS, ET AL.

### June 10, 1926.

1. REMAINDERS—*Reversions and Executory Interests—Deed Construed to Convey Only a Life Estate—Reversion to Heirs of Grantor—Partition—Case at Bar.*—In the instant case a father had conveyed real property to his daughter "during her natural life and at her death to her children." The daughter married and died, never having had a child born alive. Her father predeceased her. The daughter made numerous deeds purporting to convey parcels of the real property in fee simple to grantees, some of whom were heirs of her father.

   *Held:* That the daughter took only a life estate, that the remainder, upon her death, vested in the heirs of her father; that the conveyances by the daughter only passed such interest in the land as she possessed; that a devise by her of land indisposed of at her death was inoperative; that partition would lie at the instance of the heirs of the father, and that the daughter's interest in the remainder as an heir of her father passed under her conveyances.

2. COPARCENERY—*Heirs as Coparceners.*—Where property has vested, under the statute of descents, in the heirs of a former owner, the heirs immediately become coparceners of the estate.

3. DEEDS—*Purporting to Convey Greater Interest than Grantor Possesses—Section 5148 of the Code of 1919.*—A life tenant attempted to make conveyances in fee simple of portions of a certain tract of land. She also, as an heir to her father, the reversioner, had an undivided interest in the entire tract.

   *Held:* That under section 5148 of the Code of 1919, her interest as an heir to her father passed under her conveyances.

4. PARTITION—*Parties—Interest of Complainants.*—Where complainants, in suit for partition and removal of clouds, have each an interest in the tract of land in question, either by descent or purchase, and are therefore joint tenants, tenants in common or coparceners, they may maintain the suit for partition.

5. PARTITION—*Purely Statutory.*—A partition proceeding is entirely statutory and finds its authority in section 5279 of the Virginia Code of 1919.

6. PARTITION—*Ejectment—Questions Involving Legal Title.*—Notwithstanding that to sustain a bill for partition would deprive the defendants

of the opportunity of litigating their titles in an action of ejectment, yet where the parties complainant are joint tenants, tenants in common or coparceners of the tract in question and the questions to be disposed of are complex, involving not disputed facts but legal questions, the chancellor should sustain the bill.

7. ISSUES TO THE JURY—*Sections 6121 and 6246 of the Code of 1919.*—By section 6121 of the Code either party has the right to have submitted to the jury any questions of fact arising in a chancery cause, and put in issue by proper pleadings, and this submission to the jury is a matter of right that cannot be denied the party asking for same. The rules governing the chancellor in such a procedure and the effect of the jury's verdict are not controlled by those obtaining in cases where an issue out of chancery has been ordered under section 6246 of the Code.

8. EQUITY—*Partition—Ejectment—Removal of Clouds—Jury Trial.*—While it is held that the right to a jury trial, on purely legal questions, cannot be taken away by extending the equitable jurisdiction, and hence that a partition suit may not be substituted for ejectment at law, yet if the suit be properly one for partition, the court having jurisdiction for one purpose may proceed to give complete relief, even in matters of purely legal right. Where partition proceedings are proper, it follows that the court has jurisdiction to, and indeed should, consider all questions affecting the title to the real estate, and, where clouds hang over same, should remove them, when the law justifies, and to do so does not offend against equity and good conscience.

9. PARTITION—*Parties—Heirs of Grantees in Void Conveyance—Case at Bar.*—In the instant case, a suit for partition, the land in question had been conveyed to a daughter for life, with remainder to her children after her death, by her father. The daughter made numerous conveyances of parcels of the land in fee to grantees, some of whom were heirs of her father and some of whom were not. The daughter died without having a child born alive.

*Held:* That the heirs of a grantee who were not heirs of the father were necessary parties defendant to the suit.

10. MULTIFARIOUSNESS—*What Constitutes.*—It is impossible for courts to lay down any general rule as to what constitutes multifariousness; each case must be decided upon its own circumstances, governed by a sound discretion. The criterion by which courts are guided in considering this question is convenience in the administration of justice.

11. MULTIFARIOUSNESS—*Multiplicity of Suits—Policy of the Courts.*—It is the policy of courts of equity to prevent a multiplicity of suits, and, so far as this can conveniently be accomplished, to settle in a single suit all controversies which in their last analysis affect a single subject matter. Thus where the purpose of the bill is to clear the title to real property or to completely dispose of a particular *res*, real or personal, the bill will ordinarily not be condemned for multifarious-

ness though conflicting interest may appear, and though every party defendant may not be interested in each of the numerous collateral controversies whose settlement the bill invokes.

12.  MULTIFARIOUSNESS—*Partition—Case at Bar.*—The bill in the instant case, in so far as complainants were concerned, was for the partition of an undivided farm of their ancestor of whom they were the heirs at law.  The bill had for its primary purpose the sale of same so that distribution might be had among those entitled thereto.  Before the rights of the parties could be ascertained, certain conflicting claims must be disposed of, and to that end all parties asserting an interest had been convened in order that their rights might be determined before the property was sold for partition.

*Held:*  That the bill was not multifarious.

Appeal from a decree of the Circuit Court of Mecklenburg county.  Decree for defendants.  Complainant appeals.

*Reversed and remanded.*

The opinion states the case.

*Hoyle & Hoyle, Hudgins and Ozlin, Sterling Hutchison,* and *Walker S. McNeill,* for appellants.

*Chas. T. Reekes, Irby Turnbull,* and *Chas. J. Faulkner, Jr.,* for appellees.

McLEMORE, J., delivered the opinion of the court.

Appeal from a decree of the Circuit Court of Mecklenburg county, sustaining a demurrer to the bill.

Complainants in the court below, the appellants here, brought their suit in equity in the Circuit Court of Mecklenburg county, the bill being filed at the June term, 1924, which on its face seems to be a bill primarily for partition, and incidently for the removal of a cloud upon the title.

The facts giving rise to this litigation are briefly as

follows: In 1867 John C. Phillips, in consideration of love and affection, conveyed to his daughter, Martha H. Phillips, a tract of land in Mecklenburg county containing 452½ acres, the granting clause containing the following language: "Unto the said Martha H. Phillips during her natural life, and at her death to her children." Martha H. Phillips married W. T. Z. Finch and died in 1913, never having had a child born alive. John C. Phillips, the father and grantor in the deed, died intestate, prior to the death of his daughter, and left numerous heirs at law, all of whom or their descendants are made parties to these proceedings.

On March 16, 1893, Martha H. Finch conveyed to S. W. Land 199 acres of the aforesaid tract by deed purporting to convey a fee simple estate (the said S. W. Land is one of the heirs at law of John C. Phillips), and he in turn conveyed the said 199 acre tract to G. E. Crymes. Crymes with his wife, Anna B. Crymes (who was also an heir of John C. Phillips) conveyed ninety-five acres of their tract to Annie C. Simmons, their daughter.

On May 3, 1895, Martha H. Finch conveyed to John S. Wells twenty-five acres out of the said 452½ acre tract. Wells later died leaving a widow and children who are parties to this suit.

On November 1, 1902, Martha H. Finch (*nee* Phillips) conveyed to M. Eva Holmes, also an heir of her father, John C. Phillips, thirty-six and three-fifths acres of the original tract, and by her will, probated in 1913, devised the remainder of the tract to Anna B. Crymes, who later conveyed it in trust to secure certain debts. There were numerous other conveyances involving portions of this original tract, but those mentioned are sufficient to illustrate the prin-

ciples upon which the demurrer to the bill must be considered and determined.

The first four paragraphs of the bill, and its prayer, are necessary to be considered in passing upon the questions at issue, and are here reproduced:

"*J. C. Phillips, Miriam H. Smaw, Edith Smaw, P. V. Hoyle, K. R. Hoyle, N. R. Hoyle, S. R. Hoyle, Nellie Hoyle, Nannie Hoyle, Mrs. Jennie Paulette, Mrs. M. W. Holmes, W. S. Lambert, Pattie Newman, Agnes Lambert, the last named of whom is a party non compos mentis and sues by W. S. Lambert, her brother and next friend, and John T. Browder, Jr., an infant, who sues by John T. Browder, his father and next friend, complainants*

v.

"*Mrs. Mary Ida Wells, Rodgie Hightower, Maggie Wells, Gracie Wells, Lewis Wells, Lucie Ashworth, Lois Wells, Laura Wells, Ward Wells, Nannie Wells, the four last named being infants, S. W. Land, M. E. Holmes, J. P. Holmes, G. E. Crymes, Anna B. Crymes, C. E. Crymes, Annie C. Simmons, W. M. Simmons, Mattie Gill, S. D. Gill, The First National Bank of Chase City, Va., H. H. Williams, trustee, and Chas. T. Reekes, trustee, defendants.*

"Bill for Partition—June Term, 1924.

"To the Honorable William R. Barksdale, Judge of the said court:

"Your complainants, J. C. Phillips, Miriam H. Smaw, Edith Smaw, P. V. Hoyle, K. R. Hoyle, N. R. Hoyle, S. R. Hoyle, Nellie Hoyle, Nannie Hoyle, Mrs. Jennie Paulette, Mrs. M. W. Holmes, W. S. Lambert, Pattie Newman, Agnes Lambert, the last named of whom is a party *non compos mentis* and sues by W. S. Lambert, her brother and next friend,

and John T. Browder, Jr., an infant, who sues by John T. Browder, his father and next friend, respectfully represent unto your honor the following case and for cause of complaint, say:

"(1) That one John C. Phillips, a former resident of Mecklenburg county, Virginia, while seized and possessed of a certain tract or parcel of land containing 452½ acres, lying in Mecklenburg county, Virginia, bounded by the lands of William H. Smith, D. R. Fielder, John B. Land, Jr., and I. F. Crenshaw, on or about the 13th day of February, 1867, did by deed convey the same to his daughter, Martha H. Phillips, for and during her natural life, and at her death to her children, which deed is duly recorded in the clerk's office of the Circuit Court of Mecklenburg county, Virginia, in deed book No. 37, page 332, a true copy of which deed is filed herewith, marked 'Exhibit A,' and asked to be read as a part of this bill.

"(2) That the said Martha H. Phillips survived the said John C. Phillips (who died in or about the year 1872) and intermarried with one W. T. Z. Finch, who died long prior to the death of the said Martha H. Finch, and that Martha H. Finch died in the year 1913, without leaving or ever having given birth to any children.

"(3) That at the death of the said John C. Phillips, in 1872, he left surviving him three daughters, to-wit: Mrs. Martha H. Finch, Mrs. Emily Smith and Mrs. Mary Land, and certain grandchildren, the sons and daughters of a deceased son, P. C. Phillips.

"(4) That the next of kin and heirs at law of the said John C. Phillips, grantor in said deed, and who are now the owners of said land, are as follows:

"(a) The heirs at law and next of kin of P. C. Phillips, deceased, to-wit, J. C. Phillips, a son;

Miriam H. Smaw and Edith Smaw, grandchildren, the daughters of Iola Smaw, a deceased daughter; P. V. Hoyle, K. R. Hoyle, N. R. Hoyle, S. R. Hoyle, Nellie Hoyle, and Nannie Hoyle, grandchildren of a deceased daughter, Nannie J. Hoyle.

"(b) The heirs at law and next of kin of Mrs. Emily Smith, deceased, to-wit, two daughters, Mrs. Jennie Paulette and Mrs. M. W. Holmes; the children of a deceased daughter, Sallie Lambert, to-wit, W. S. Lambert, Pattie Newman and Agnes Lambert, the last named of whom is *non compos mentis* and sues by W. S. Lambert, her brother and next friend; the heirs at law and next of kin of Bettie Vaughan, a deceased daughter, to-wit, John T. Browder, Jr., the only child of Evelyn Vaughan Browder, deceased, the only child of said Bettie Vaughan, who is an infant and sues by John T. Browder, his father and next friend.

"(c) The heirs at law and next of kin of Mary Land, to-wit, Anna B. Crymes, M. Eva Holmes, S. W. Land and Mattie Gill. All of the parties named in paragraphs (a), (b) and (c) became the owners of said land as the heirs at law and next of kin of the said John C. Phillips, deceased."

*    *    *    *    *    *    *    *    *    *

"In tender consideration whereof, and forasmuch as your complainants are remediless in the premises save in a court of equity, where alone such matters are cognizable and relievable, your complainants pray that Mrs. Mary Ida Wells, Redgie Hightower, Maggie Wells, Gracie Wells, Lewis Wells, Lucile Ashworth, Lois Wells, Laura Wells, Ward Wells, Nannie Wells, the last named four of whom are infants, S. W. Land, M. E. Holmes, J. P. Holmes, G. E. Crymes, Anna B. Crymes, Mattie Gill, S. D. Gill, The First National Bank of Chase City, Virginia, N. H. Williams, trustee,

and Chas. T. Reekes, trustee, be made parties defendants to this bill and required, but not on oath, which is hereby waived, to answer the same, the adult parties in their own proper persons and the infants by a guardian *ad litem;* that a guardian *ad litem* be appointed to represent the interests of the said infant defendants, who may be also required to answer this bill; that proper process issue that the deeds from Martha H. Finch to John S. Wells, to S. W. Land, and to M. Eva Holmes, the deed from S. W. Land and wife to G. E. Crymes, the deed from G. E. Crymes and wife to Annie C. Simmons, and the deed from G. E. Crymes and wife to C. E. Crymes, hereinbefore mentioned, be canceled in so far as they affect the rights of your complainants herein; that the deed of trust from Anna B. Crymes and husband to N. H. Williams, trustee, the deed of trust from G. E. Crymes to Chas. T. Reekes, trustee, and the two deeds of assignment from G. E. Crymes to Chas. T. Reekes, trustee, and the deed of trust from C. E. Crymes to Chas. T. Reekes, trustee, be canceled in so far as they affect the rights of your complainants in the land thereby conveyed; that the title to the said 452½ acres of land be cleared of all clouds as set forth herein; that the exact liens binding on the same, or any part thereof, be ascertained, together with their dignities and priorities; that there be a partition of the entire tract of land described herein among the parties entitled thereto, or if partition cannot be conveniently made to advantage to the parties entitled thereto, that the entire tract, or so much thereof as cannot be conveniently partitioned, be sold and the proceeds therefrom be distributed according to the rights of those entitled thereto; that the entire 452½ acres be sold and the proceeds divided between the parties

entitled thereto; that all proper orders and decrees may be made and entered, accounts taken and inquiries directed; that a reasonable and proper attorney's fee be allowed complainants' counsel for instituting and conducting this suit; and that your complainants may have all such other, and further, and general relief in the premises as the nature of their case may require, or to equity shall seem meet, and your complainants will ever pray, etc."

To this bill the following demurrer was filed:

"And on the 20th day of October, 1924, came the defendants, by counsel, and filed their demurrer to the said bill, which is in the following words and figures:

"The demurrer of Mary Ida Wells, Redgie Hightower, Maggie Wells, Gracie Wells, Lucie Ashworth, Lois Wells, Ward Wells, Nannie Wells, G. E. Crymes, Anna B. Crymes, C. E. Crymes, Annie Simmons, W. M. Simmons, The First National Bank of Chase City, Va., N. H. Williams, trustee, and Chas. T. Reekes, trustee, to a bill filed against them and others in the Circuit Court of Mecklenburg county, Virginia, J. C. Phillips and others.

"The above named defendants say that the bill in this suit is not sufficient in law, and state the grounds of demurrer relied on to be as follows:

"1. That the bill is multifarious.

"2. That so far as these demurrants are concerned the complainants have a full, adequate and complete remedy at law.

"3. That the principal object of the suit as disclosed by the bill is to oust these demurrants from their ownership and possession of the land in the bill mentioned, and equity has no jurisdiction of such a suit upon the allegations contained in the bill.

"4. That the case made out by said bill is not a proper case for partition under the statutes in such cases made and provided.

"5. That under the statutes in such cases made and provided the case made out by the bill is not a proper one for the removal of clouds upon title.

"6. That the bill does not ask for partition of said land, but only for its sale and the divisions of the proceeds of such sale."

On October 23, 1924, the cause coming on to be heard on the bill and demurrer, the court entered a decree dismissing the bill, and complainants appeal. The decree is as follows:

"This cause which has been regularly matured and set for hearing in the office at rules, came on this day to be heard on the bill of complainants and exhibits therewith filed, and on the written demurrer and grounds of such demurrer filed to the said bill of complaint in open court on the 20th day of October, 1924, by the defendants, Mary Ida Wells, Redgie Hightower, Maggie Wells, Gracie Wells, Lewis Wells, Lucie Ashworth, Lois Wells, Ward Wells, Nannie Wells, G. E. Crymes, Anna B. Crymes, C. E. Crymes, Annie C. Simmons, W. H. Simmons, The First National Bank of Chase City, Va., N. H. Williams, trustee, and Chas. T. Reekes, trustee; and was argued by counsel.

"On consideration whereof the court doth sustain said demurrer and doth dismiss said bill as being insufficient in law, and doth adjudge, order, and decree that the defendants do recover of the complainants their costs in this behalf expended, included in which costs the court doth fix and allow a fee of $25.00 to be paid to Irby Turnbull, Esquire, as guardian *ad litem* for the infant defendants and demurrants. But the dismissal of said bill shall be without prejudice to the

right of the plaintiffs, or any of them, to institute such suits at law, or in equity, as they may deem proper."

We now come to a consideration of the errors assigned by appellants in their petition for an appeal, which are:

"(1) The court erred in holding that equity had no jurisdiction.

"(2) The court erred in holding that the case made out by the bill was not a proper one for partition.

"(3) The court erred in holding that the case was not a proper one for removal of cloud on the title.

"(4) The court erred in holding that the bill was multifarious.

"(5) The court erred in holding that the plaintiffs had an adequate remedy at law."

The first question presented is whether or not the case, as made out in the bill, states facts entitling complainants to have partition of the 452½ acre tract of land.

[1] There can be no doubt but that the deed from John C. Phillips to Martha H. Finch (*nee* Phillips) conveyed to her only a life estate, and that the remainder over to her children failed upon her death without issue, and vested immediately in the heirs of John C. Phillips, he being dead, subject of course to the payment of any unsettled debts due by his estate. It follows therefore that the numerous conveyances made by Martha H. Finch, purporting to convey fee simple title to portions of this tract, only operated to pass to the sundry grantees such an interest as she possessed, and that the devise by her of that portion of the land undisposed of at the date of her death was inoperative and void.

[2] The property having now vested in the heirs at law of John C. Phillips, by operation of the statute of descents, they immediately became coparceners of the estate.  1 Minor on Real Property, section 930, *et seq.*

It happens, however, that most of the conveyances wherein Martha H. Finch attempted to alienate parts of this tract, were instances in which the grantees were, or are, heirs at law of John C. Phillips, and they in turn conveyed the property to other parties, some heirs of and some strangers to the ancestor, Phillips. Whether heirs of said Phillips or not the claims of the appellees find their chief support directly or indirectly in the original conveyances made by Mrs. Finch.

[3] As she only had a life estate by virtue of the deed of gift to her of 1867, her conveyance of designated parts of the 452½ acre tract, gave to the several grantees from her rights to the possession of the described parcels only during her life, but she was an heir of her father, John C. Phillips, deceased, and as such had an undivided interest in the entire farm. What then is the effect upon her interest in the inheritance of the several deeds in which she attempted to convey a larger estate than she had?   This question would seem to be answered by section 5148 of the Code:

"A writing which purports to pass or assure a greater right or interest in real estate than the person making it may lawfully pass or assure, shall operate as an alienation of such right or interest in the said real estate as such person might lawfully convey or assure; and when the deed of the alienor mentions that he and his heirs will warrant what it purports to pass or assure, if any thing descends from him, his heirs shall be barred for the value of what is so descended or liable for such value."

[4] Assuming then, as we must, that each of the appellees have an interest in the said tract of land, either by descent or by purchase (23 R. C. L., section 8, page 1104), and are, therefore, joint tenants, tenants in common or coparceners, we see no reason why a

suit for partition may not be maintained by any party in interest.

[5] A partition proceeding is entirely statutory and finds its authority in section 5279 of the Virginia Code, which is as follows:

"Tenants in common, joint tenants, and coparceners shall be compellable to make partition; and a lien creditor or any owner of undivided estate in real estate may also compel partition for the purpose of subjecting the estate of his debtor or the rents and profits thereof to the satisfaction of his liens. Any court having general equity jurisdiction of the county or corporation wherein the estate, or any part thereof, is, shall have jurisdiction in cases of partition, and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceedings, between such tenants in common, joint tenants, coparceners and lien creditors."

[6] We are reminded by counsel for appellees that to permit the complainants to litigate the numerous questions involved in this cause, under the conditions here obtaining, would offend against many of the canons of chancery practice, and deprive the appellees of the right to have their titles adjudicated in actions of ejectment.

It cannot be denied that to sustain the bill in this cause deprives the appellees of the opportunity of litigating the validity of their titles in an action of ejectment, but the chancellor in passing upon the titles involved acts under the direct mandate of the statute, which says it "shall have jurisdiction in case of partition and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise, etc."

In view of the complex questions arising in this

cause, a court of chancery is the only forum where an intelligent adjudication can be had of the many complications presented by this record. The questions to be disposed of and determined are not disputed facts, but legal questions that must, in the last analysis, be decided by the court and not by the jury. There is no merit, therefore, in the contention that to sustain the bill of complainant would in effect repeal the action of ejectment, and deny to the appellees their right of trial by jury.

[7, 8] By section 6121 of the Code, either party has the right to have submitted to the jury any questions of fact arising in a chancery cause, and put in issue by proper pleadings, and this submission to the jury is a matter of right that cannot be denied the party asking for same. The rules governing the chancellor in such a procedure and the effect of the jury's verdict are not controlled by those obtaining in cases where an issue out of chancery has been ordered under section 6246 of the Code. *Elmore* v. *Md. & Va. Milk Producers Asso.* (March 18, 1926), 145 Va. 42, 132 S. E. 521.

Mr. Lile, in his Equity Pleading and Practice, at page 195, in referring to section 5279 of the Code, says:

"This provision has been construed by the court in most liberal spirit. While it is held that the right to a jury trial, on purely legal questions, cannot be taken away by extending the equitable jurisdiction, and hence that a partition suit may not be substituted for ejectment at law, yet if the suit be properly one for partition, the court having jurisdiction for one purpose may proceed to give complete relief, even in matters of purely legal right. Thus, in *Pillow* v. *Southwest, etc., Co.,* 92 Va. 155 [23 S. E. 32, 53 Am. St. Rep. 804], followed in *Morgan* v. *Haley,* 107 Va. 331 [58 S. E. 564, 13 L. R. A. (N. S.) 732, 122 Am. St. Rep. 846, 13 Ann Cas. 204],

it is held that if the defendant, though *in adverse posses-
sion of the whole estate,* is one who, in his own person or
through his predecessors in title, was once a joint owner
with the plaintiff, or with his predecessors in title, the
whole question of the legal as well as the equitable
rights of the parties may be threshed out in the partition
proceedings."

It seems to us, therefore, that both the spirit of the
law and the text of the statute justify the appellants
in bringing this suit for partition, and is authority to
the chancery court to hear and determine the rights of
the parties. *Buchanan Co.* v. *Smith,* 115 Va. 704, 80
S. E. 794.

This being a case where partition proceedings are
proper, it follows that the court has jurisdiction to,
and indeed should, consider all questions affecting the
title to the real estate, and where clouds hang over
same, should remove them, when the law justifies, and
to do so would not offend against equity and good
conscience. *Jefferson* v. *Gregory,* 113 Va. 61, 73 S. E.
452.

In *Kennedy Coal Corp.* v. *Buckhorn Coal Corp.,* 140
Va. 37, 124 S. E. 482, a case strikingly like the one
under consideration, it is stated:

"The bill also sets forth the various deeds under
which appellees and their predecessors in title acquired
interests in the several tracts of land here in contro-
versy, and avers that all of said alleged deeds are clouds
upon complainant's title to said tract of land, and it is
advised that a court of equity will set aside said deeds
and declare the same null and void as clouds upon said
title to said tract of land * * * Under the pro-
visions of section 6248 it is immaterial whether the
complainant is in or out of possession. *Buchanan
County* v. *Smith's Heirs,* 115 Va. 709, 80 S. E. 794;
*Payne* v. *Buena Vista E. Co.,* 124 Va. 306, 98 S. E. 34."

[9] We do not think the fact that the heirs of John S. Wells were not heirs of John C. Phillips, deceased, make them any less necessary parties than others of the defendants. If they were claiming by adverse possession, no intimation of which appears from the record, they would still be proper parties. *Buchanan Co.* v. *Smith's Heirs, supra.*

Is the bill multifarious?

[10] "It has been repeatedly said by this court that it is impossible for courts to lay down any general rule as to what constitutes multifariousness; that they are left to decide each case upon its own circumstances, governed only by a sound discretion. The criterion by which courts are guided in considering this question is convenience in the administration of justice." *Johnson* v. *Black,* 103 Va. 477, 482, 49 S. E. 633, 635 (68 L. R. A. 264, 106 Am. St. Rep. 890).

[11] "It is the policy of courts of equity to prevent a multiplicity of suits, and, so far as this can conveniently be accomplished, to settle in a single suit all controversies which in their last analysis affect a single subject matter. Thus, where the purpose of the bill is to clear the title to real property or to completely dispose of a particular *res,* real or personal, the bill will ordinarily not be condemned for multifariousness, though conflicting interest may appear, and though every party defendant may not be interested in each of the numerous collateral controversies whose settlement the bill invokes." Lile's Eq. Pl. & Prac. page 166; *Matney* v. *Yates,* 121 Va. 506, 93 S. E. 694; *Appalachia* v. *Mainous,* 121 Va. 666, 93 S. E. 566.

Just such a case as Mr. Lile described is found in *Gray, et als.* v. *Francis, et als.,* 139 Va. 350, 124 S. E. 446.

[12] In so far as the complainants in the bill are concerned, the 452½ acre tract of land is an undivided

farm owned by all of the heirs at law of John C. Phillips, deceased, and the bill has for its primary purpose the sale of same so that distribution may be had among those entitled thereto. The court finds, however, that before the rights of the parties can be ascertained, certain conflicting claims must be disposed of, and to that end all parties asserting an interest have been convened in order that their rights may be determined before the property is sold for partition. This seems to us the only practical manner in which the subject could be dealt with. Any other method would entail endless litigation and necessitate a multiplicity of suits.

We think the court erred in sustaining the demurrer to the bill and dismissing the cause, and the decree so ordering will be reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Decree reversed and remanded.*